**People of the State of Illinois, Plaintiff-Appellee, v. Bernard E. Bendig, Defendant-Appellant.**

**Gen. No. 51,375.**

First District, First Division.

January 29, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Saul A. Perdomo, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for the crime of deviate sexual assault in violation of chapter 38, section 11–3 of the Illinois Revised Statutes, 1963. A plea of not guilty was entered and trial by jury was waived. He was found guilty and sentenced to the Illinois State Penitentiary for not less than one, nor more than five years.

On this appeal, defendant argues that he was not proven guilty beyond all reasonable doubt·and that there is a fatal variance between the charge in the indictment and the evidence.

The State's evidence consisted of the testimony of the prosecutrix and the stipulated testimony of the doctor who examined her one day after the alleged incident. The nature of the facts in this case are of such a distasteful and degenerate character that we do not feel any purpose will be served by recounting them. This court has carefully scrutinized the entire record and assiduously reviewed the testimony of the prosecutrix. Suffice it to

say that the prosecutrix met the defendant by pre-arrangement. They proceeded to his apartment where, by the use of force the defendant, who was a strong, husky young man, overcame the prosecutrix who was a rather small 20-year-old girl. By holding her arms down and sitting on her, he inserted his penis into her mouth.

██ ██ We cannot say that the conclusion of the trial judge in finding defendant guilty was against the manifest weight of the evidence. As the Supreme Court stated in People v. Finley, 22 Ill2d 525, 177 NE2d 149 (1961):

> "(W)here a case is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge; and, unless it can be said that the court's judgment is found to rest on doubtful, improbable or unsatisfactory evidence, or clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below even though evidence regarding material facts is conflicting and irreconcilable. People v. West, 15 Ill2d 171." (P 529.)

██ Defendant's argument that the prosecutrix showed no desire to resist is without merit. As the Illinois Supreme Court said in People v. Smith, 32 Ill2d 88, 203 NE2d 879 (1965):

> "There is no definite standard fixing the amount of force required and each case must be considered on its own facts. It is the general rule that if the female has the use of her faculties and physical powers, the evidence must show such resistance as will demonstrate that the act was against her will. However, resistance is not necessary under circumstances where resistance would be futile and would endanger the life of the female, nor where she is overcome by superior strength or paralyzed by fear." (P 92.)

As each case must be considered on its own facts, so must the degree of resistance required of each victim be judged. The evidence convinces us that the defendant was proven guilty beyond all reasonable doubt of the crime of deviate sexual assault.

The defendant next argues that there is a material variance between the indictment and the evidence. The indictment states that defendant "committed the offense of deviate sexual assault, in that he, knowingly by force and by threat of force, compelled one ——— to submit to an act of oral copulation, in violation of Chapter 38, Section 11-3 of the Illinois Revised Statutes 1963."

Section 11-3 of the Criminal Code provides:

> "Any person . . . who by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits a deviate sexual assault."

Defendant contends that the Code contemplates two general alternative categories of behavior, that of "performing" and that of "submitting." The two terms, he argues, are descriptive of mutually exclusive conduct. The present situation involves a male forcing a female to engage in an act of oral copulation. Thus, defendant argues, if the indictment charges "submit," it must mean an act of cunnilingus; if the indictment charges "perform," it must mean an act of fellatio. Defendant then concludes that since the indictment charges "submit" and the testimony establishes only an act of fellatio, there is a fatal variance between the crime charged and the indictment.

■ ■ It is not necessary that an indictment employ the use of the language of the statute to charge an offense thereunder. People v. Love, 310 Ill 558, 142 NE 204 (1923); People v. Pronger, 48 Ill App2d 477, 199 NE2d 239 (1964). The purpose of the indictment is to

enable the defendant to prepare his defense and to plead judgment in bar of subsequent prosecution for the same offense. People v. Martin, 62 Ill App2d 97, 210 NE2d 587 (1965).

██ The language of the indictment under consideration does not follow the language of the statute. The gist of the indictment is an act of oral copulation. The word "submit" is used in its common everyday meaning. "Submit," as defined by Webster is to yield to the will of another. The defendant clearly forced the prosecutrix to submit to his will when he inserted his penis into her mouth. We cannot accept the argument that defendant was in any way hindered in the preparation of his defense by such use of the word "submit."

As stated above, the indictment charges oral copulation as the offensive act. Thus, the defendant is erroneous in his argument that had he been acquitted, he could subsequently be prosecuted for an act of cunnilingus. Further prosecution would also be barred under section 3-3 of the Criminal Code. (Ill Rev Stats 1965, c 38, § 3-3.)

For the foregoing reasons, the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.