**People of the State of Illinois, Plaintiff-Appellee, v. Louis Bell, Defendant-Appellant.**

**Gen. No. 52,066.**

First District, First Division.

June 23, 1969.

Angelos & Angelos, of Chicago (Basil C. Anagnos, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Edward Stasukaitis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Louis Bell, was indicted for the crime of attempted rape. After a bench trial the defendant was convicted of the crime as charged and sentenced to serve a period of not less than one year nor more than seven years in the Illinois State Penitentiary. The defendant argues on appeal that he was not proven guilty beyond a reasonable doubt.

Mrs. Darlene Eaves, the complaining witness, testified that on March 27, 1966, at about 10:00 p. m., she left home and walked East towards the bus stop at Fifth Avenue and Kenneth Street in the City of Chicago. Defendant, who was walking West on Fifth Avenue, approached her and asked her the direction of Harrison Street. After telling him, she continued on her way when the defendant grabbed her about the body, spun her around, placed a butcher knife against her stomach, and ordered her to walk with him. Defendant directed her into an alley North of Kenneth Street to a dark place between two buildings where he began taking off the complaining witness's clothing. Both parties were standing up and the defendant held the knife on the complaining witness throughout the incident, although she begged defendant to put it away. Defendant did not succeed in having intercourse with the complaining witness but did ejaculate on her body. A resident of the building hollered at the commotion being raised below and the defendant ran away. The entire episode lasted about ten to fifteen minutes.

On cross-examination, the complaining witness testified that after the defendant ran away she went home, took a bath, ate a sandwich, and went to bed at approximately 10:30 p. m. The next morning she telephoned the police to report the incident and she gave the officers who came to her home a description of the man who attacked her. On April 3, 1966, while returning from a police lineup with Officer Stephens, the complaining witness recognized the defendant standing at the curb

at Pulaski Road and Arthington Street and called out that there was the man who attempted to rape her. Officer Stephens stopped the car and the defendant began to run East on Arthington.

Officer William C. Stephens testified that on April 3, 1966, he was driving North on Pulaski Road in an unmarked police vehicle with Mrs. Eaves in the front seat. At Arthington Street Mrs. Eaves called out that a man standing at the curb was the one who attacked her. He stopped the vehicle immediately and at a distance of twenty to thirty feet saw a person dressed in a black top-coat and gray cap running toward Arthington. Stephens made a "U" turn, parked the car at the North curb of Arthington and Pulaski and got out of the car, but had lost sight of the fleeing man. A small boy in the vicinity of 3952 Arthington pointed toward the gangway of a building and Stephens returned to the car to radio for help. Upon returning to the building Stephens saw the defendant coming from the gangway and placed him under arrest. Defendant was not wearing the cap he had on when first observed by Stephens and when asked its whereabouts, defendant told Stephens it was behind a garbage can in the rear stairwell of the building. The cap was found in this exact place.

The defendant testified that on March 27, 1966, he left Walgreen's Company, his employer, at 8:00 p. m. and arrived home at 9:00 p. m. At 9:30 p. m. he went to the store with his brother Donald and returned home at 10:10 p. m., where he remained for the balance of the evening. Defendant further testified that on April 3, 1966, he was walking to the corner of Arthington and Pulaski to catch a bus to go to work when a car passed him and then stopped suddenly. A man jumped out and told him to stand there, but defendant ran down Arthington and turned into a gangway. Defendant stated he was wearing a cap at the time but lost it while running through the yard behind the building. A few moments

later, defendant proceeded from the yard, through the gangway, to the front of the building when he was confronted with Officer Stephens. Stephens told defendant to get up against the police car and searched him. Defendant was ordered to get into the car with Mrs. Eaves, who acknowledged to Officer Stephens that this was the man who attacked her. At the trial, defendant stated he did not attack any woman on March 27, 1966.

After character witnesses testified in defendant's behalf and closing arguments, the court made a finding of guilty and sentenced the defendant to serve a period of not less than one year nor more than seven years in the Illinois State Penitentiary. On appeal, the defendant contends he was not proven guilty beyond a reasonable doubt.

The defendant argues the State did not establish a prima facie case in that it failed to introduce evidence of nonmarriage between the defendant and the complaining witness. Upon a close inspection of the record we find that at no time did the defendant ever refer to Mrs. Eaves, the complaining witness, as being his wife, and the record reveals that defendant's attorney addressed the complaining witness as "Mrs. Eaves," as did Officer Stephens. The defendant himself referred to Mrs. Eaves as "this lady," and never gave any indication Mrs. Eaves and he were husband and wife. At the close of the State's evidence, no objection was made that Mrs. Eaves was defendant's wife, nor in defendant's motion for a new trial was it ever alleged that the State failed to prove the nonmarriage of the defendant and the victim. We believe the contention made on appeal is frivolous, as Mrs. Eaves was not the wife of the defendant and a matter not objected to in the trial court cannot now be raised for the first time on appeal. People v. Brown, 3 Ill2d 623, 122 NE2d 153 (1955) ; People v. Fort, 14 Ill2d 491, 153 NE2d 26 (1959).

165

Defendant next argues that the conditions under which he was identified were doubtful and that there was insufficient evidence to uphold a conviction of attempted rape. The record reveals that Mrs. Eaves had two opportunities to view her attacker. First, when she was confronted by him on the street and he was asking for directions to Harrison Street, and then when he grabbed her and ordered her to go with him between the two buildings. Mrs. Eaves was inches away from her attacker when both were standing behind the buildings and the attempted rape took place. The episode lasted ten to fifteen minutes and during this time she had ample opportunity to view her assailant's facial characteristics as well as his clothing. Mrs. Eaves testified that she gave the police a description of her attacker and that she recognized the defendant when she and Officer Stephens were returning from a police lineup. Mrs. Eaves was unshaken in her identification when the defendant was apprehended and at the trial. It is well settled that the testimony of one witness as to identification, if positive and the witness credible, is sufficient to sustain a conviction even though such testimony is contradicted by the accused. People v. Crenshaw, 15 Ill2d 458, 155 NE 599 (1959) ; People v. Robbins, 88 Ill App2d 447, 232 NE2d 302 (1968). The sufficiency of the identification was for the trier of fact to determine, and this court will not reverse the conviction unless the testimony is so unsatisfactory as to leave reasonable doubt of the guilt of the accused. People v. Brengettsy, 25 Ill2d 228, 184 NE2d 849 (1962). There is no such doubt here, since the face-to-face encounters afforded Mrs. Eaves ample opportunity for a positive identification of the defendant. We believe that the testimony of Mrs. Eaves establishes that defendant possessed the intent to have intercourse with her by force and against her will.

Therefore, the judgment of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.