(No. 42396.—▮▮▮▮▮▮▮▮)

The People of the State of Illinois, Appellee, *vs.* Barbara Heard *et al.*, Appellants.

*Opinion filed November 17, 1970.*

502

PATRICK A. TUITE, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN R. McCLORY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

On July 11, 1968, a criminal complaint was filed in the circuit court of Cook County charging Barbara Heard and Gertrude Moore with the offense of gambling in violation of section 28—1(a)(8) of the Illinois Criminal Code. (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a)(8).) The defendants' motion to quash the search warrant and suppress the evidence seized under it was denied, and, after waiving a jury trial, on March 11, 1969, they were tried by the court and found guilty. Each defendant was later sentenced to serve 90 days in the House of Correction. They have appealed directly to this court charging that their constitutional rights were violated because (1) the offense for which they were tried required prosecution by indictment rather than by complaint; (2) the complaint against them did not charge an offense with the specificity required by the constitution of Illinois, the Code of Criminal Procedure, and the Federal constitution; and, finally, (3) the search warrant was invalid because there was no probable cause for its issuance.

On June 28, 1968, Officer William Mitchell of the gambling division of the Chicago Police Department, acting under a search warrant, entered the 1st floor apartment located at 4729 South Prairie, Chicago. He testified that after identifying himself and announcing the purpose of his call, he proceeded into the dining room where he observed the defendants seated at a table on which there were policy slips, tickets, and $21.65 in cash. On the basis of this, the defendants were found guilty of the offense of gambling in that they knowingly possessed policy slips and tickets.

In an earlier and now withdrawn opinion we held that a prosecution of the defendants here could have been had only by indictment. This conclusion was on the premise that section 28—1(a)(8) of the Illinois Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a)(8)), which the defendants were charged with violating, provided for a possible penitentiary sentence. The State did not deny that the decision should be governed by the enactment quoted by the defendants and relied on in the presentation of the appeal. The State simply contended, and erroneously we judged, that the possibility of a penitentiary sentence did not require an indictment. After the announcement of the opinion the State took a different position. It filed a petition for rehearing which called attention to the fact that the legislature in the session before the alleged crime by the defendants had enacted three statutes defining the offense of gambling. Two of these provided for a possible penitentiary sentence for violators. The third and the last in point of time provided for a fine "not to exceed $5,000 or [imprisonment] in a penal institution other than the penitentiary not to exceed one year" or both fine and imprisonment. This court has held that if two or more acts are passed at the same session of the legislature containing conflicting provisions the later or last one enacted will be considered to govern. (*People* v. *Chatman,* 38 Ill.2d 265, and *People* v.

*Mattes,* 396 Ill. 348.) As the last and controlling enactment of 28—1(a)(8) did not provide for a possible penitentiary sentence it had not been necessary for the State to have proceeded by indictment. Accordingly, we granted a rehearing and withdrew our opinion.

As we have said, the defendants contended also in this appeal that the complaint did not charge an offense with the specificity required under the United States and Illinois constitutions and under our Code of Criminal Procedure.

The complaint charged that each defendant committed the offense of gambling in that "She set up or promoted a Policy Game or (Sold) or (Offered to Sell) or (transferred) a ticket or (share) for a lottery or (sold) or (offered to sell) or (transferred) or (knowingly possessed) a policy ticket or other similar device: To Wit: Policy results tickets, Policy bet writings and other related gambling policy paraphernalia." The complaint, following the language of the statute, charged the defendants in the disjunctive, that is, it charged that the defendants set up a policy game or promoted a policy game or sold tickets and so on. While a charge which follows the language of the statute defining the crime and uses the disjunctive "or" will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternative acts, any one of which will constitute the offense. (See *Ackley* v. *United States* (8th cir.) 200 Fed. 217; *United States* v. *H. L. Blake Company* (W.D. Arkansas), 189 F. Supp. 930; *United States* v. *McKenzie,* 170 (D. Maine S.D.) F. Supp. 797; *People* v. *Rosenfeld,* 25 Ill.2d 473; *People* v. *Brosnan,* 361 Ill. 545; *People* v. *Farrell,* 349 Ill. 129; 42 C.J.S., Indictment and Information, secs. 101 and 139; 41 Am. Jur. 2d, Indictment and Information, sec. 96.) The statute here named specific acts which constitute the crime of gambling, some of which acts are clearly disparate and alternative. The promoting of a policy game is not the same act as

transferring a policy ticket, for example. The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing.

The result was that the complaint was void because it did not set forth the nature and elements of the charge with the certainty required by the Federal constitution (U.S. Const., art. VI), our constitution (Illinois Const., art. II, sec. 9) and section 111—3 of our Code of Criminal Procedure. Ill. Rev. Stat. 1967, ch. 38, par. 111—3.

The State says, however, that even if the complaint was legally insufficient, the defendants should not be permitted to raise the question of its sufficiency on appeal, as they did not challenge the complaint in the trial court. Too, the State contends that as section 111—5 of the Code of Criminal Procedure provides that a complaint may be amended at any time, amendment of the complaint should be allowed at this time.

We do not find merit in either argument. Here, the complaint lacked the necessary certainty to charge an offense and therefore it was void and vulnerable to attack at any time. (See *People* v. *Minto,* 318 Ill. 293; *People* v. *Billingsley,* 67 Ill. App. 2d 292, and Committee Comments to section 114—1 of the Code of Criminal Procedure, S.H.A., ch. 38, § 114—1.) The State cannot properly invoke section 111—5 of the Code of Criminal Procedure which permits the amendment of a complaint, information or indictment for formal defects because here the defect is fundamental and the complaint void. (See *People* v. *Billingsley,* 67 Ill. App. 2d 292.) It is true that section 111—5 includes pleading in the disjunctive as an example of a formal defect, but from what we have said it is clear that the legislature was speaking of instances where the use of the disjunctive created but a formal error. The section was not intended to permit the State to vivify a void charge.

It is unnecessary to consider the defendant's other allegation of constitutional violation.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*