The People of the State of Illinois, Plaintiff-Appellee, *v.* Fred Williams, Defendant-Appellant.

(No. 11941; )

Fourth District—September 5, 1973.

John F. McNichols, District Defender, of Springfield, (Bruce L. Herr, Staff Attorney, of counsel,) for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac, and John A. Beyer, of Circuit Attorney Project, of Bloomington, (Bruce Brown, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from a conviction of deviate sexual assault and of battery in a bench trial and his sentence of 4 to 5 years in the penitentiary to be served consecutively to the sentence he was then serving. The sentence imposed was on the count charging deviate sexual assault and no sentence was imposed on the count charging battery.

In this court the defendant charges (1) that the indictment for deviate sexual assault is void in charging in the disjunctive that the defendant "by force compelled another person" to perform or submit to an act of deviate sexual conduct, (2) that the defendant's guilt was not established beyond a reasonable doubt and (3) that the court abused its discretion in denying the defendant's petition for probation and sentencing him to a term of 4 to 5 years.

Deviate sexual conduct, as defined by section 11—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—2), means "any act of sexual gratification involving the sex organs of one person and the mouth or anus of another", and section 11—3 of the Criminal Code provides, with respect to that "(a) Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to *perform* or *submit* to any act of deviate sexual conduct commits deviate sexual assault". (Emphasis supplied.) Count I of this indictment was framed in the words of the statute. Even though a charge which follows the language of the statute defining the crime uses the disjunctive and it will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternate acts any one of which will constitute the offense and as so charged the indictment is void. (*People v. Heard*, 47 Ill.2d 501, 266 N.E.2d 340.) However the fact that two words intimately associated in their meaning are stated disjunctively does not render an indictment uncertain provided it does not deprive the defendant of notice of the specific nature of the charge against him or impairs a certainty that is requisite if double jeopardy is to be avoided. *People v. Rosenfeld*, 25 Ill.2d 473, 185 N.E.2d 236.

■■■ The defendant cites *People v. Bendig*, 91 Ill.App.2d 337, 235 N.E.2d 284, where a man was charged with compelling a woman to "submit to an act of oral copulation". The facts of the case revealed that the act committed was fellatio. The defendant then argued that there was a fatal variance between the indictment and the proof, contending that if a man forces a woman to submit to oral copulation, that language describes the act of cunnilingus. The court in that case rejected the defendant's argument and construed the word "submit" as defined by

Webster is to yield to the will of another and that the force used on the prosecutrix required her to submit to the will of the defendant. As we read the statute, the terms "perform" and "submit" are basically interchangeable with both requiring involuntary action by the victim as a result of the force applied by the defendant. To perform an act of deviate sexual conduct patently requires participation by two persons. Deviate sexual conduct defined and proscribed by the statute is specific. When a victim by force submits to an act of deviate sexual conduct he is the passive actor. When by force he is required to perform the act of deviate sexual conduct, he is the active actor. In either event he is an involuntary actor and it is the involuntary submission or participation by force which the statute proscribes. There is nothing in the statute which suggests that voluntary participation by both parties is proscribed by the statute here involved. In our judgment therefore the words "submit" and "perform" are so intimately connected and the conduct described so specifically stated in the statute that the use of the disjunctive does not render the indictment void for uncertainty nor does it raise any question of double jeopardy.

A lengthy discussion of the facts in this case is not necessary. The victim testified that he was in his cell when several others came into his cell, beat him up with their fists on the head and upper part of his body. The defendant was right in front beating on him with his fists in the face. He became unconscious and the next thing he knew he was being laid on the bed. The inmate then pulled his pants down and had anal intercourse with him—not only the defendant but the others also did this. The defendant was holding him down by his arms and legs and all of the inmates who entered the cell treated him likewise. A physician and surgeon testified that he examined an inmate of the Pontiac Branch of the Illinois State Department of Corrections named Raymond Foster. He had no independent recollection of the circumstances and could not say whether a typed accident report which had been typed from his longhand notes from the examination of Ray Foster was correct or not. Another inmate testified that he was in the cell next to the complaining witness Foster and heard screaming which awakened him. He was able to look into Foster's cell through his mirror. Foster called to him. He saw the defendant about 45 minutes later and the defendant was standing in front of the cell as this witness left his. This witness could not identify anyone who was in Foster's cell. The defendant and another witness testified that they were nowhere near the cell and the basic defense was that they were not near the occurrence. The trial court stated that he did not believe the testimony of either the

defendant or of his witness. The defendant was 20 years old, had completed the 10th grade and his previous record consisted of an involuntary manslaughter charge for which he was placed on 5 years probation in 1968 and an armed robbery conviction for which he had received a sentence of 2 to 3 years and that would expire in April 1973. The trial court had the opportunity to see, observe and listen to the witnesses and is in a better position to determine their credibility than are we. Even in a sex case, testimony of one witness if positive and credible is sufficient to sustain a conviction even if contradicted by the accused. (*People v. Bell,* 112 Ill.App.2d 161, 251 N.E.2d 367.) Unless this court finds the evidence so improbable as to raise a reasonable doubt of guilt, the conviction should not be disturbed. *People v. Novotny,* 41 Ill.2d 401, 244 N.E.2d 182; *People v. Moore,* 51 Ill.2d 79, 281 N.E.2d 294.

■■ It seems clear that the defendant was not entitled to be admitted to probation. Under the Illinois Code of Corrections, the authorized sentence of imprisonment for a Class 1 felony is a minimum term of 4 years and a maximum term of any term in excess of 4 years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1.) When the defendant committed the instant offense he was serving a term of probation for involuntary manslaughter and a sentence of imprisonment for armed robbery. Accordingly, he is not eligible for probation under the law, either at the time he was sentenced (Ill. Rev. Stat. 1971, ch. 38, par. 117—1(a)(4)), or under the new Unified Code of Corrections which became effective January 1, 1973. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—5—3(g).) The sentence under the old Code and under the new is 4 to 14 years. The trial court explained that he would have given a lesser sentence had the statute permitted, but saw no reason to go beyond the 5 year period so far as the maximum sentence was concerned.

The defendant urges that under section 5—5—3 of the Unified Code of Corrections (par. 1005—5—3), a periodic imprisonment is one of the options available to the court in the sentencing of a defendant convicted of a felony and the defendant requests this court to either adjust the sentence to one of periodic imprisonment with appropriate conditions or to remand the case to the trial court for resentencing in light of the availability of periodic imprisonment under the new Code of Corrections. We find no authority in the Code for this court as a court of review to adjust a sentence by imposing a periodic imprisonment with appropriate terms or conditions. Nor do we feel that if it was within our power to do so, the record in the instant case would justify the use of that option. Likewise the commentary to section 5—5—3 of the Code (par. 1005—7—8) would frown on the practice of imposing a sentence

of periodic imprisonment to be served consecutive to a sentence of imprisonment.

Accordingly, the judgment of the trial court should be and it is affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.