THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JERRY OULSON, Defendant-Appellee.

Fourth District   No. 13301

Opinion filed April 29, 1976.—Rehearing denied June 3, 1976.

John W. Alsup, State's Attorney, of Mt. Sterling (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Robert E. Utter, of Mt. Sterling, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was convicted on a charge of "Taking White Tail Deer with Rifle," a violation of section 2.26 of the Game Code of 1971 (Ill. Rev. Stat. 1973, ch. 61, §2.26). He was fined $200 plus costs. Following his conviction, defendant filed a motion in arrest of judgment asserting that the complaint was insufficient to charge the offense. The trial court granted the motion. The State appeals. We affirm.

Defendant was issued an Illinois Uniform Conservation ticket and complaint on November 17, 1974, which, as stated above, charged him with taking a white tailed deer with a rifle. Section 2.26 of the Game Code makes it unlawful to "take or attempt to take" a deer with a weapon other than a shotgun of a certain gauge or a muzzle loading rifle. (Ill. Rev. Stat. 1973, ch. 61, §2.26.) "Take" is defined in the Game Code as "hunt, shoot, pursue, lure, kill, destroy, capture, gig or spear, trap or ensnare, or to attempt to do so." (Ill. Rev. Stat. 1973, ch. 61, §1.2.) The issue on appeal is whether the complaint charging "taking" was sufficiently specific to inform defendant of the nature and elements of the offense in view of the statutory definition of "take."

■■ ■ complaint charging a violation of the Game Code or other similar quasi-criminal or traffic offense need not be drawn with the specificity of an indictment or information. (*People v. Brausam*, 83 Ill. App. 2d 354, 227 N.E.2d 533.) Defendant filed no objection to the sufficiency of the complaint prior to trial nor did he request a bill of particulars. Under these circumstances, a conviction should not be set aside for other than violation of the constitutional right to be informed of

the nature and elements of the offense. Deficiencies of less than constitutional dimension are waived. Generally, for such offenses as is charged here, naming the offense and citing the statutory provision alleged to have been violated, are sufficient. *People v. Tammen,* 40 Ill. 2d 76, 237 N.E.2d 517.

The trial court, in its excellent memorandum of opinion, found:

> "It is elementary that the language of the charge can only satisfy constitutional and statutory standards of specificity if said language defines the offense specifically enough so that as applied to the defendant, on the date and in the venue alleged, the language charges particular acts and the particular mental state constituting the essential elements of the offense as defined by the statute, and so particularizes the offense charged, without any uncertainty or ambiguity, enabling the defendant by reading the complaint itself to know with reasonable certainty the precise offense charged, to prepare his defense, and be protected from double jeopardy. This the Illinois Uniform Conservation Ticket and Complaint as filed in People v. Oulson fails to do."

In *People v. Heard,* 47 Ill. 2d 501, 266 N.E.2d 340, defendants raised the same issue present here. In *Heard,* each defendant was charged with the offense of gambling in that "She set up or promoted a Policy Game or (Sold) or (Offered to Sell) or (transferred) a ticket or (share) for a lottery or (sold) or (offered to sell) or (transferred) or (knowingly possessed) a policy ticket or other similar device: To Wit: Policy results tickets, Policy bet writings and other related gambling policy paraphernalia." (47 Ill. 2d 501, 504.) The complaint, which is obviously in the disjunctive, followed the language of the statute. The supreme court noted that ordinarily a complaint in the language of the statute is sufficient even though the disjunctive is used. However, it is not sufficient if the statute names disparate and alternative acts, any one of which will constitute the offense. The court found the complaint recited above constitutionally defective, and therefore reversed.

■■ The use of the disjunctive does not render a charge uncertain if the words used disjunctively are intimately associated in meaning. (*People v. Rosenfeld,* 25 Ill. 2d 473, 185 N.E.2d 236.) "Acquired or Possessed" has been held to be intimately associated (*People v. Abrams,* 21 Ill. App. 3d 734, 316 N.E.2d 5) as have "perform or submit" in the context of the statute defining deviate sexual assault (*People v. Williams,* 13 Ill. App. 3d 951, 301 N.E.2d 326). See also *People v. Lewis,* 14 Ill. App. 3d 237, 302 N.E.2d 157 ("hypodermic needle, a hypodermic syringe or other instrument"); *People v. Smith,* 14 Ill. App. 3d 281, 302 N.E.2d 376 (same); *People v. Rosenfeld,* ("possessed or had under their control").

Although the statutory definition of "Take" was not explicitly set forth

in either the complaint or the statutory section alleged to be violated, it must be incorporated into the complaint. Therefore the complaint alleges that defendant committed the offense of taking a white tail deer with a rifle in that he "hunted" or "shot" or "pursued" or "lured" or "killed" or "destroyed" or "captured" or "gigged" or "speared" or "trapped" or "ensnared" or "attempted to do any of the foregoing acts to a white tail deer with a rifle." Clearly alternative and disparate acts are alleged and the case therefore is controlled by the *Heard* rule. Although some of the acts may be intimately associated, they are not all so.

■■ The State argues that by qualifying "taking" with "with rifle" the complaint reasonably limits the alternative meanings of "take" to "hunt, shoot, pursue, kill, destroy, or attempt to do so," and that these terms simply describe "hunting" a deer. Although the total of these acts may fall under the generic heading of "hunting," each element is, however, separate and distinct from the others, can be performed independently of the other elements, and if performed independently can constitute the offense, which is in terms of "take," not "hunt." A person can hunt without shooting, and can shoot without killing; a person can pursue without killing, shooting or destroying. Each of these actions singularly involves a violation of the statute. The reasoning urged by the State could have been applied to the complaint in the *Heard* case. The supreme court there found the argument that the essence of the complaint was simply to charge defendant with promoting gambling activities unacceptable.

We therefore find that this complaint was void for uncertainty.

Accordingly, the judgment of the circuit court of Brown County is affirmed.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.