THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL M. GIACINTI, Respondent-Appellant.

Third District   No. 76-81

Opinion filed December 29, 1976.

James R. Brodie, of Pekin, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong and Robert Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following a trial in the Circuit Court of Tazewell County, the defendant's probation for a previous burglary conviction was revoked for committing an act of deviate sexual assault and an act of public

indecency. The defendant appeals, arguing that the evidence presented at the probation revocation hearing is insufficient to prove the defendant guilty of these acts by a preponderance of the evidence. We affirm.

The factual situation here is thoroughly revolting and will not be detailed in this opinion except where necessary to an understanding of the trial court's findings. The incident occurred while the defendant was serving a term of 120 days in the Tazewell County Jail in lieu of a four-month term of periodic imprisonment. The periodic imprisonment was a condition to the defendant's probation for the burglary offense. However, the defendant failed to surrender himself for the periodic imprisonment and, because of this failure, was subsequently sentenced to serve a term of 120 consecutive days in the Tazewell County Jail and to an additional one-year period of probation.

The victim of the incident was another prisoner, Larry Badger. Badger was about 5'6" or 5'7" tall and weighed 120-125 pounds. He was quiet and kept to himself. The other prisoners believed him to be "queer" because he ran errands for the other prisoners and allegedly stared at them as they left the shower.

As to what occurred in the shower, the evidence is conflicting. One prisoner, Dale Weatherington, testified for the State that he observed Badger performing an act of deviate sexual conduct with four or five other prisoners, including the defendant, Giacinti, while in the shower. However, the other witnesses, including Michael Darling, denied that such an event occurred and testified that Badger was thrown into the shower with his clothes on because he was staring at another prisoner who was exiting the shower. Darling was a defendant to whom the State granted full immunity in order that he testify for the State. Both Darling and Weatherington testified that, in the evening of the day in question, they observed Badger performing fellatio upon the defendant while the defendant was lying upon a bunk reading a Playboy magazine. At the time of this occurrence, in addition to Badger and the defendant Giacinti, the other defendants, Darling, Mulkey and Wise, were present in the same cell. All the defendants were above the age of 17.

Since the evidence as to the shower incident was conflicting and there was no uncontroverted evidence that Badger either performed or submitted to acts of deviate sexual conduct with anyone other than Giacinti, the trial court dismissed as to Mulkey and Wise. However, the trial judge found that Giacinti was proven guilty of deviate sexual assault and public indecency by a preponderance of the evidence.

■■ In a probation revocation proceeding, the State has the burden of proving the offense charged by a preponderance of the evidence, and that evidence need not be clear and convincing. (*People v. Crowell* (1973), 53

Ill. 2d 447, 292 N.E.2d 721.) The offenses of public indecency and deviate sexual assault are defined by the following statutes.

" 'Deviate sexual conduct', for the purpose of this Article, means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another." Ill. Rev. Stat. 1975, ch. 38, par. 11—2.

"(a) Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault." Ill. Rev. Stat. 1975, ch. 38, par. 11—3.

"(a) Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:

\* \* \*

(2) An act of deviate sexual conduct;

\* \* \*

(b) 'Public place' for purposes of this Section means any place where the conduct may reasonably be expected to be viewed by others." Ill. Rev. Stat. 1975, ch. 38, par. 11—9.

As the statute defining deviate sexual assault indicates, a material element of the offense is force or a threat of force. And the nature of the force or the threat of force which must be proven is the same as that for rape. (*People v. Anderson* (1st Dist. 1974), 20 Ill. App. 3d 840, 314 N.E.2d 651; *People v. Darcy* (1st Dist. 1974), 18 Ill. App. 3d 1068, 311 N.E.2d 353; *People v. Bruno* (1st Dist. 1969), 110 Ill. App. 2d 219, 249 N.E.2d 252.) However, in rape cases, "[t]here is no definite standard fixing the amount of force required and each case must be considered on its own facts." (*People v. Smith* (1965), 32 Ill. 2d 88, 92, 203 N.E.2d 879, 881. Accord, *People v. Hendon* (3d Dist. 1975), 33 Ill. App. 3d 745, 338 N.E.2d 472.) Likewise, in determining the degree of resistance required of each victim of deviate sexual assault, each case must be considered on its own facts. (*People v. Bendig* (1st Dist. 1968), 91 Ill. App. 2d 337, 235 N.E.2d 284.) Useless or foolhardy resistance is not necessary. *People v. Green* (3d Dist. 1976), 38 Ill. App. 3d 289, 347 N.E.2d 224; *People v. Ware* (1st Dist. 1973), 11 Ill. App. 3d 697, 297 N.E.2d 289.

■■ In this case the victim did not testify. And the evidence of Badger's resistance was conflicting. Most of the witnesses testified that Badger did not resist performing the act of deviate sexual conduct on Giacinti. However, Weatherington testified he heard Badger crying after he heard a slapping sound. Moreover, the evidence is uncontradicted that there were four other prisoners in the cell with Badger, who was rather slight in physical stature. "In weighing the evidence of force, it is proper

to consider the disparity in size and strength of the parties and the place and conditions under which the act took place." (*People v. Sims* (1st Dist. 1972), 5 Ill. App. 3d 727, 729, 283 N.E.2d 906, 908.) Here, the trial judge found that the harrassment otherwise throughout the day, the tossing and throwing into the shower, was a threat of force sufficient to prove deviate sexual assault by a preponderance of the evidence. Since the trial judge was in a better position to observe and weigh the testimony and the trial court's decision is not contrary to the manifest weight of the evidence, a reversal here would not be justified. See *People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721.

■■ Concerning the charge of public indecency, the defendant argues that since the act was committed in a prison cell and no one except prisoners could have observed the act, it was not committed in a public place. However, even a person's home may be considered a public place under some circumstances. In *People v. Legel* (2d Dist. 1974), 24 Ill. App. 3d 554, 321 N.E.2d 164, a man exposing his genitals in his home committed public indecency because his actions could be viewed through the windows by people in other apartments. Furthermore, when imprisoned, the prisoner is deprived of his private life. His entire existence becomes public, open to the view of other prisoners, as well as prison officials. Moreover, the witnesses testified that, since the day in question was a Sunday, ministers were allowed to enter into the area in which these prisoners were maintained. Neither these ministers, nor the guards, nor the other prisoners have given up their right not to be subjected to such disgusting displays. Given the fact that the bars on the front of the cell could be seen through and that other prisoners did view the incident, a reasonable person would have expected the conduct to be viewed by others. Therefore, the defendant was proven to have committed the offense of public indecency by a preponderance of the evidence.

Accordingly, we affirm the judgment of the Circuit Court of Tazewell County.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.