THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BARBARA BOYD *et al.*, Defendants-Appellants.

First District (1st Division)    No. 80-3263

Opinion filed November 23, 1981.

Steven M. Levin and Neal Birnbaum, both of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Martin D. Reggi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, defendants, Barbara Boyd and Marcia Henderson, were convicted of gambling and sentenced to one year conditional discharge. Defendants' motion for new trial and arrest of judgment was denied. Defendants appeal.

Officer James Jones testified that on July 7, 1980, he and his partner, Officer Bowen, executed a search warrant in Chicago. They entered the premises when a patron was leaving. They did not knock before they

entered. Officer Bowen identified himself and Officer Jones as police officers, but they did not display the warrant. Defendants were sitting at a table upon which were a "tally sheet" (a sheet on which bets are recorded), bet receipts, "scratch sheets" with racing information from two race tracks, and some cash. The officers confiscated the evidence and placed defendants under arrest.

On appeal, defendants raise several arguments. Because we believe the sufficiency of the misdemeanor complaint is the dispositive issue, we need not address defendants' remaining contentions.

The misdemeanor complaint charges each defendant with "the offense of gambling in that she knowingly owns or possesses any book, instrument, or apparatus by means of which bets or wagers have been, or are received or registered, or knowingly possessed any money which he [sic] has received in the course of a bet or wager." The language of the complaint mirrors the language of the gambling statute. Ill. Rev. Stat. 1979, ch. 38, par. 28—1(a)(5).

Defendants contend the utilization of the disjunctive "or" makes the complaint void because it names two disparate and alternate acts causing uncertainty and conjecture as to the offense with which defendants were being tried. Defendants rely upon *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340. In *Heard*, 47 Ill. 2d 501, 504:

"The complaint charged that each defendant committed the offense of gambling in that 'She set up or promoted a Policy Game or (Sold) or (Offered to Sell) or (transferred) a ticket or (share) for a lottery or (sold) or (offered to sell) or (transferred) or (knowingly possessed) a policy ticket or other similar device: To Wit: Policy results tickets, Policy bet writings and other related gambling policy paraphernalia.' "

The court in *Heard*, 47 Ill. 2d 501, 504-05, reversed the gambling conviction, holding the complaint was void because:

"The statute here named specific acts which constitute the crime of gambling, some of which acts are clearly disparate and alternative. The promoting of a policy game is not the same act as transferring a policy ticket, for example. The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing."

The People contend the use of the disjunctive does not render a complaint void if the terms connected are intimately associated in meaning. The People cite *People v. Abrams* (1974), 21 Ill. App. 3d 734, 316 N.E.2d 5, *appeal denied* (1974), 57 Ill. 2d 605. In *Abrams*, 21 Ill. App. 3d 734, 740-41, we held the provision of a complaint which charged the defendant with "possessing" or "acquiring" a firearm without required registration was not void, because the meanings of those words are

intimately associated. However, we invalidated the complaint because it charged defendant with the unlawful possession of a "firearm or firearm ammunition." In reversing the conviction for failing to register a firearm we stated:

> "[I]n the instant complaint, the use of the disjunctive 'firearm or firearm ammunition' alleges two disparate and alternative elements, the acquisition or possession of either, when coupled with the nonpossession of the identification card, will constitute the offense. Because of the use of such disjunctive, the instant complaint lacked the necessary certainty to charge an offense and is therefore void." (*Abrams*, 21 Ill. App. 3d 734, 742.)

See also *People v. Oulson* (1976), 37 Ill. App. 3d 912, 347 N.E.2d 71.

■■ In the case at bar, as in *Abrams*, the disjunctive language in the first portion of the complaint connects words whose meanings are intimately associated: "owned" and "possessed," "instrument" and "apparatus," "bets" and "wagers," and "received" and "registered." Such disjunctive language does not render the complaint void. However, the complaint also connects the basic charge of possessing bookmaking paraphernalia with the charge of possessing money received in the course of a bet or wager. We hold the possession of bookmaking paraphernalia, and the possession of money wagered, are disparate acts either one of which would sustain the charge of gambling. (See Ill. Rev. Stat. 1979, ch. 38, par. 28—1(a)(5).) The complaint is therefore void. *Heard*, 47 Ill. 2d 501, 505.

■■■ We reject the contention of the People that defendants waived any defect in the complaint by failing to challenge it before judgment was entered. "While technical defects in a charge are waived if not challenged in the circuit court * * *, the argument that a charge is void is one that can be raised at any time, regardless of whether the alleged error is properly preserved for review * * *." (*People v. Walker* (1980), 83 Ill. 2d 306, 313, 415 N.E.2d 1021; see also Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments, at 197-98 (Smith-Hurd 1977).) In any event, defendants in the case at bar did challenge the complaint in the trial court. The defect in the complaint was specifically attacked in defendants' post-trial motion in arrest of judgment. Such a challenge is timely and clearly preserves the issue for appellate review. (*People v. Lutz* (1978), 73 Ill. 2d 204, 210, 383 N.E.2d 171.) For these reasons the judgment appealed from is reversed.

Judgment reversed.

McGLOON and O'CONNOR, JJ., concur.