THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH LOCASCIO et al., Defendants-Appellants.

First District (4th Division)   Nos. 82—2529, 82—2530 cons.

Opinion filed October 3, 1985.

Alan D. Blumenthal, of Chicago, for appellant Stanley Kubas.

Edward M. Genson, of Chicago, for appellant Joseph Locascio.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Frank G. Zelezinski, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendants, Joseph L. Locascio and Stanley Kubas, were tried jointly in a bench trial in the circuit court of Cook County, convicted of official misconduct, and sentenced to 12 months' probation. The appellate court reversed the convictions, finding that defendants had not been proved guilty beyond a reasonable doubt. (Order under Supreme Court Rule 23 (87 Ill. 2d R. 23).) The Illinois Supreme Court granted the State's petition for leave to appeal (94 Ill. 2d R. 315(a)) and, in a decision issued on May 24, 1985 (*People v. Locascio* (1985), 106 Ill. 2d 529, 478 N.E.2d 1358), reversed the judgment of the appellate court and remanded, directing the appellate court to decide those remaining issues that were raised by defendants but were not

addressed by the reviewing court.

The instant case, now before this appellate court on remand, presents the following issues: (1) whether the State failed to offer any proof of several elements of the charged offenses, (2) whether the indictment was unconstitutionally vague and ambiguous as to the specific conduct charged, (3) whether the indictment omitted essential elements of the charged offenses, and (4) whether the trial court erred by imposing a single sentence for multiple convictions.

We affirm the decision of the trial court and uphold defendants' convictions.

The facts of the instant case are set forth in the supreme court decision (*People v. Locascio* (1985), 106 Ill. 2d 529, 478 N.E.2d 1358), and will only be reiterated in the instant opinion as necessary to support the dispositive legal reasoning.

## I

■ Defendants first contend on appeal that the State failed to offer any proof of several essential elements of the charged offenses. The statutory elements of the offenses with which defendants are charged, namely, official misconduct and poaching violations, require proof of the following that: (1) defendants were acting in their official capacity at the time the offense was committed (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(b)), (2) defendants knew that shooting deer in the forest preserve was unauthorized conduct (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(b)), (3) defendants took deer outside the open season (Ill. Rev. Stat. 1981, ch. 61, par. 2.25) and (4) that defendants took deer after sunset and before sunrise (Ill. Rev. Stat. 1981, ch. 61, par. 2.26).

The defendants do not dispute that deer hunting occurred in Dam 1 Woods area at approximately 10 p.m. on January 27, 1982, and that they were the only persons present at that time. Neither do defendants dispute that they were acting in their official capacity at the time they were in the woods. Defendants, in their official capacity, were Cook County Forest Preserve officers whose duty it was to enforce the rules made to protect the forest preserve and the animals therein. As such, defendants must necessarily have known it was unauthorized conduct to shoot deer in the forest preserve or to take deer outside open season. Moreover, the Illinois Supreme Court found that defendants were proved guilty beyond a reasonable doubt of killing and taking deer after sunset and before sunrise. *People v. Locascio* (1985), 106 Ill. 2d 529, 478 N.E.2d 1358.

Based on the evidence presented by the record, including the

testimony adduced at trial, as summarized by the supreme court in its decision, we must conclude that the evidence was sufficient to prove the statutory elements that comprise the crimes charged.

## II

■ Defendants next argue that the indictment by which they were charged was unconstitutionally vague because each count included the word "taking" which is statutorily defined in the disjunctive:

> " 'Take' means hunt, shoot, pursue, lure, kill, destroy, capture, gig or spear, trap or ensnare, harass, or to attempt to do so."
> (Ill. Rev. Stat. 1981, ch. 61, par. 1.2o.)

Defendants rely on *People v. Oulson* (1976), 37 Ill. App. 3d 912, 347 N.E.2d 71, in which the court found that the charge of "Taking White Tail Deer with Rifle," in violation of section 2.26 of the Game Code of 1971 (Ill. Rev. Stat. 1973, ch. 61, par. 2.26), was insufficient to charge the offense because the statutory definition of "taking" alleges "clearly alternative and disparate acts." The *Oulson* court, in turn, relied upon *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340, and found itself controlled by the *"Heard* rule." *People v. Oulson* (1976), 37 Ill. App. 3d 912, 915, 347 N.E.2d 71, 73.

*Heard* dealt with a complaint charging defendant with gambling in violation of section 28—1(a)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a)(8)). The *Heard* court found that:

> "The complaint, following the language of the statute, charged the defendants in the disjunctive, that is, it charged that the defendants set up a policy game or promoted a policy game or sold tickets and so on. While a charge which follows the language of the statute defining the crime and uses the disjunctive "or" will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternative acts, anyone of which will constitute' the offense. *** The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing.
>
> The result was that the complaint was void because it did not set forth the nature and elements of the charge ***."
> *People v. Heard* (1970), 47 Ill. 2d 501, 504-05, 266 N.E.2d 340, 342.

As made clear in *Heard*, the proper standard of review for determining the sufficiency of a charging instrument is whether the in-

strument sets forth the nature and elements of the offense charged. (*People v. Lutz* (1978), 73 Ill. 2d 204, 213, 383 N.E.2d 171, 174.) In both *Oulson* and *Heard,* the charging instruments failed to set forth the nature and elements of the offense. In *Heard,* the use of the disjunctive in the complaint itself was insufficient to apprise the defendant of the charges against him. In *Oulson,* the complaint was so vague and unreferenced to the statute that, even after the court incorporated the statutory definition of "take" into the instrument, it still failed to set forth the elements of the offense charged.

The instant case is readily distinguishable from *Oulson* and *Heard.* Here, while the statute is worded in the disjunctive, the charging instrument itself is worded in the conjunctive and clearly sets forth the nature and elements of the offense. Thus, the case at bar is governed not by *Heard,* as defendant contends, but by *People v. Whitlow* (1982), 89 Ill. 2d 322, 336, 433 N.E.2d 629, 635, *cert. denied* (1982), 459 U.S. 830, 74 L. Ed. 2d 68, 103 S. Ct. 68, in which our supreme court stated:

> " 'When a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and is subject to the same punishment, all or any of such acts may be charged conjunctively as constituting a single offense.' "

Here, defendants have either been charged conjunctively with "taking, pursuing and harassing," or simply with "taking." Unlike in *Oulson,* the charges in which "taking" is used are not rendered uncertain by use of the disjunctive. Each charge is clearly referenced to a specific part of the statute and sets forth the elements of the offense. Defendants were therefore sufficiently apprised of the charges against them. For these reasons, we find that the indictment is not void for vagueness.

### III

■ Defendants next contend that the indictment omits essential elements of the offenses charged. The State maintains that each count, viewed in its entirety, sufficiently states all elements of the statutory offense it purports to charge. We agree with the State.

The sufficiency of an indictment is determined not by linguistic technicalities but by the substance of the charge (*People v. Powell* (1978), 72 Ill. 2d 50, 64, 377 N.E.2d 803, 809, *cert. denied* (1979), 440 U.S. 997, 59 L. Ed. 2d 455, 99 S. Ct. 1214) as set forth in section 111–3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 111–3). An indictment is to be read as a

whole, and where a statute is cited in a count, the statute and count are to be read together. (*People v. Simon* (1980), 91 Ill. App. 3d 667, 669, 416 N.E.2d 285, 286.) A charge must be sufficiently specific so as to serve as a bar to future prosecution for the same offense and to enable the defendant to prepare his defense. *People v. Banks* (1979), 75 Ill. 2d 383, 392, 388 N.E.2d 1244, 1248.

Each charge in the instant case cites to a statute. When the statute and charge are read together, the indictment is sufficient to apprise the defendants with reasonable certainty of the precise offenses charged, to permit them to plead judgment as a bar to future prosecution for the same offenses, and to enable them to prepare their defenses. The indictment, therefore, meets the standards of section 111—3 of the Criminal Code of 1961 and is a valid charging instrument.

## IV

■ Defendants' final contention is that the trial court erred by imposing only one sentence for multiple convictions. Citing *People v. Thoms* (1977), 50 Ill. App. 3d 398, 365 N.E.2d 717, defendants assert that the judgment is incomplete and that the convictions upon which no sentence has been imposed must be vacated. The State maintains that the trial court desired to impose sentence on all counts and asks that the cause be remanded for resentencing. We must disagree with both interpretations of the trial court's action.

Under the rule announced by our supreme court in *People v. King* (1977), 66 Ill. 2d 551, 562, 363 N.E.2d 838, 842, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, where the same physical act of the accused constitutes two or more offenses, it is proper to enter judgment of conviction and sentence only on the most serious offense. An accused is prejudiced if judgment is entered against him for more than one offense arising from a single course of conduct (*People v. Wilson* (1981), 93 Ill. App. 3d 395, 396, 417 N.E.2d 146, 147); therefore, in such instances, multiple convictions with concurrent sentences are barred (*People v. Jones* (1979), 75 Ill. App. 3d 214, 228, 393 N.E.2d 1132, 1143, *cert. denied* (1980), 445 U.S. 968, 64 L. Ed. 2d 246, 100 S. Ct. 1662).

In the instant case, the trial court found each defendant "guilty in the manner and form as charged in the indictment." The court, in the "Specifications and Certificate of Conditions of Probation Sentence," entered that the defendants had been "adjudged guilty of the crime of Official Misconduct." The court imposed a single sentence of 12 months' nonreporting probation on each defendant.

Here, the offenses charged, official misconduct and poaching, arose from a single course of conduct by defendants. The record suggests that the trial court was cognizant of this and, rather than improperly entering multiple convictions and sentences, entered judgment of conviction and sentence only on the most serious offense. Official misconduct is a Class 3 felony (Ill. Rev. Stat. 1981, ch. 38, par. 33—3), whereas poaching is only a petty offense. (Ill. Rev. Stat. 1981, ch. 61, par. 239.) The present sentence conforms to the statutory prescription for a Class 3 felony. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—2.) The fact that the trial court failed to articulate which of the three counts of official misconduct served as the basis for conviction is immaterial as all counts charge the same offense. We therefore find that the trial court correctly entered judgment of conviction and sentence for only a single felony offense.

For all of the reasons noted above, we affirm the decision of the trial court.

■ The State has requested a fee totalling $75 for its prosecution of this appeal and participation in oral argument. (See Ill. Rev. Stat. 1981, ch. 53, par. 8.) Such fees are awarded upon a defendant's conviction. (Ill. Rev. Stat. 1981, ch. 38, par. 180—3; Ill. Rev. Stat. 1981, ch. 53, par. 8; *People v. Brown* (1983), 98 Ill. 2d 374, 457 N.E.2d 6.) The Illinois Supreme Court, in its decision of May 24, 1985 (*People v. Locascio* (1985), 106 Ill. 2d 529, 478 N.E.2d 1358) noted that defendants' request for fees was premature prior to this reviewing court deciding those issues raised on appeal that had not yet been addressed. Having now decided those remaining issues and affirmed defendants' convictions, we grant the State the fees as requested.

Accordingly, on remand, we affirm the decision of the circuit court.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.