THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS MORELAND, Defendant-Appellant.

First District (3rd Division)   No. 1—94—3401

Opinion filed June 4, 1997.—Modified on denial of rehearing November 12, 1997.

Michael J. Pelletier and Manuel S. Serritos, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Lisa D. Kurtzon, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

Defendant, Dennis Moreland, was tried and convicted by a jury. He was then sentenced to 60 years in prison for first degree murder, 30 years for armed robbery, consecutive to the murder sentence, and 30 years for aggravated criminal sexual assault, consecutive to the murder sentence but concurrent with the armed robbery. He was also sentenced to 15 years' imprisonment for aggravated kidnapping, to run concurrently with the murder sentence. We reverse the conviction for aggravated criminal sexual assault. We affirm the other convictions and the sentences imposed.

The events that led to these convictions began at a party in a home located in Gary, Indiana, on January 12, 1994, and concluded with the discovery of the body of Estelle Jones in Riverdale, Illinois, on January 13.

Moreland makes four arguments for reversal: (1) the aggravated criminal sexual assault happened in Indiana; (2) the armed robbery happened in Indiana; (3) the aggravated kidnaping was incidental to the murder; and (4) there must be a remand for a new sentencing hearing on the murder conviction because we cannot know what part the erroneous convictions played in the trial court's decision to impose the maximum sentence for murder.

We agree with Moreland on his first point. We reverse the conviction and vacate the sentence for aggravated criminal sexual assault. We reject his remaining arguments and affirm the convictions for murder, armed robbery and kidnapping, and the sentences imposed.

In this appeal Moreland does not contest participation in, or accountability for, the crimes charged, so we set out only those facts relevant to the four issues he raises.

The victim, Estelle Jones, was a guest at a party where Moreland was present and drugs were being sold. In the course of the evening Jones was accused of stealing drugs from Moreland and his companions. Moreland sexually assaulted and beat her. After a discussion between Moreland and a companion, the companion put a pillowcase over Jones' head and placed her in the trunk of a car Jones had borrowed to attend the party. A witness testified Jones was alive when placed in the trunk. Armed with a shotgun given to him by Moreland, Moreland's companion drove off with Jones in the trunk. Her body was discovered the following day at 136th and Michigan in Riverdale in Cook County, Illinois. A pillowcase was over her head. Cause of death was a shotgun wound to the head.

■ Moreland first argues that the record conclusively establishes that the sexual assault happened in Indiana. The State admits this, but argues that section 1—5(a)(3) of the Criminal Code of 1961 (720

ILCS 5/1—5 (West 1994)) is broad enough to invest Illinois with jurisdiction. The subsection reads:

"(a) A person is subject to prosecution in this State *** if:

\* \* \*

(3) The conduct outside the State constitutes a conspiracy to commit an offense within the State, and an act in furtherance of the conspiracy occurs in the State[.]" 720 ILCS 5/1—5 (West 1994).

■ The State argues that Moreland and his companion were punishing Jones for stealing their drugs and that they intended to send a message to anyone who interfered with their drug business. The State suggests that the sexual assault, the beating, the kidnapping, and the murder should be seen as part of a common design to act in furtherance of a common criminal purpose: the murder of Jones for interfering with a drug business.

The trial court in the case before us said at sentencing:

"They subjected her to sexual assault, and they totally dehumanized her and they beat her and beat her, and the whole scheme of this was to carry out this plan once Estelle Jones made the mistake of taking some cocaine ***. The whole plan was to get rid of her and eliminate her and send a message to the people that were involved in these drugs, that were partying there, that would be present in the future purchases of drugs from the defendant and his confederates in this business, send a message out[:] kill her. But before you kill her, make sure that everybody knows, and make her pay."

Other than the language of the statute and the sentencing remarks of the trial judge, the State, in support of its argument, cites to *People v. Collins*, 70 Ill. App. 3d 413, 387 N.E.2d 995 (1979). In *Collins* a conspiracy was charged. Moreland was not charged with conspiracy. The State cites to no case where a conspiracy not charged may be inferred from the evidence or the remarks of the sentencing court to confer jurisdiction over a crime in another state.

The State must prove jurisdiction beyond a reasonable doubt. *People v. Blanck*, 263 Ill. App. 3d 224, 227, 635 N.E.2d 1356 (1994). Moreland relies on this case and *People v. Holt*, 91 Ill. 2d 480, 440 N.E.2d 102 (1982), to support his argument that the court lacked jurisdiction over the sexual assault. *Holt* stands for the proposition that:

"[I]t is not enough that some part of a course of criminal conduct, some related crime, be committed in Illinois; the particular crime charged must be committed partly within this State." *Holt*, 91 Ill. 2d at 484.

The evidence here establishes that the aggravated criminal sexual assault took place at a home in Gary, Indiana. The State

failed to prove jurisdiction beyond a reasonable doubt and the conviction for aggravated criminal sexual assault must be reversed.

■ Moreland next argues that his robbery conviction must be reversed because the evidence failed to prove beyond a reasonable doubt that the robbery happened in whole or in part in Illinois. He maintains that the armed robbery was complete when the car was seized in Indiana.

In *People v. Smith*, 78 Ill. 2d 298, 399 N.E.2d 1289 (1980), our supreme court held that "[t]he offense of robbery is complete when force or threat of force causes the victim to part with possession or custody of property against his will." *Smith*, 78 Ill. 2d at 303. Moreland then reasons that robbery can never be viewed as a continuing offense, such as theft, where a person may be tried wherever he exerts control over the property. See 720 ILCS 5/1—6(g) (West 1994).

We disagree. In *People v. Gilliam*, 172 Ill. 2d 484, 670 N.E.2d 606 (1996), our supreme court, on facts almost identical to those before us, considered whether robbery could ever be a continuing offense. The victim was placed in the trunk of her car in Cook County and transported to Jefferson County, where she was found murdered. The court wrote:

> "Of course, the offense of robbery is complete when force or threat of force causes the victim to part with possession or custody of property against the victim's will. [Citation.] Thus, defendant's robbery of the victim's car was completed in Cook County, in the alley behind the victim's home when he forced her into the car to drive him away. However, defendant's taking of the victim's car, *with the victim forced into the car trunk*, continued the essence of the robbery, *i.e.*, the use of force. We note that other states commonly include robbery in their venue rules for theft. [Citation.]" (Emphasis in original.) *Gilliam*, 172 Ill. 2d at 508.

Here, Jones was forcibly carried to and placed in the trunk of her car in Indiana. The forcible taking continued as Moreland's companion entered Illinois with Jones in the trunk of her vehicle. Moreland, on appeal, does not contest his accountability for this crime or that his companion drove the car to Illinois with Jones in the trunk and then murdered her. We believe jurisdiction for robbery was proven beyond a reasonable doubt based upon the holding in *Gilliam*.

Moreland next argues that his conviction for aggravated kidnapping must be reversed because the acts of taking Jones to Illinois and confining her there were incidental to the murder.

" '[A]n aggravated kidnapping conviction should not be sustained where the asportation or confinement may constitute only a techni-

cal compliance with the statutory definition but is, in reality, incidental to another offense.' " *People v. Eyler*, 133 Ill. 2d 173, 199-200, 549 N.E.2d 268 (1989), quoting *People v. Enoch*, 122 Ill. 2d 176, 197, 522 N.E.2d 1124 (1988).

■ Illinois employs a four-part test to decide whether an act of detention or asportation is incidental to another crime or will support an independent charge of kidnapping:

> " '(1) [T]he duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense.' " *People v. Smith*, 91 Ill. App. 3d 523, 529, 414 N.E.2d 1117 (1980), quoting *Government of the Virgin Islands v. Berry*, 604 F.2d 221, 227 (3d Cir. 1979).

■ The first element, duration, may include not only time, but distance, or both. In *People v. Riley*, 219 Ill. App. 3d 482, 489, 579 N.E.2d 1008 (1991), the court found an asportation of about one block sufficient to support a separate kidnapping charge. In *People v. Casiano*, 212 Ill. App. 3d 680, 687-88, 571 N.E.2d 742 (1991), 1¹/₂ blocks were enough. A detention of a few minutes was enough to sustain a conviction for kidnapping in *People v. Pugh*, 162 Ill. App. 3d 1030, 516 N.E.2d 396 (1987). Here, defendant transported the victim from Gary, Indiana, to Riverdale, Illinois. We take judicial notice that the distance between the towns is approximately 25 miles, well within the parameters of *Riley*, *Casiano*, and *Pugh*.

The next element is whether the detention occurred "during" the murder. In *People v. Gully*, 151 Ill. App. 3d 795, 800, 502 N.E.2d 1091 (1986), the court found that the kidnapping was a separate offense based on the *Smith* test. The victim was robbed, transported in a car to a different location, then raped. The detention and asportation lasted about 45 minutes. *Gully*, 151 Ill. App. 3d at 800. This is distinguishable from *People v. Lamkey*, 240 Ill. App. 3d 435, 440, 608 N.E.2d 406 (1992), cited by Moreland. In *Lamkey*, the defendant, dressed only in a shirt, was able to reach out and grab the victim from the street, pull her into a hallway and sexually assault her, all within a few minutes. The court concluded the detention happened in the course of the sexual assault. *Lamkey*, 240 Ill. App. 3d at 440. The kidnapping of the victim in this case began before, rather than during, the murder, and lasted more than a few minutes.

The third element is whether the asportation is "inherent" in the murder. The act of forcing Jones into her car trunk and transporting

her over state lines is not inherent in the offense of murder. 720 ILCS 5/9—1 (West 1994); see *People v. Jackson*, 281 Ill. App. 3d 759, 769, 666 N.E.2d 854 (1996) ("the forced movement of a victim from one location to another is not inherent in the offense of murder").

Finally, we determine whether the asportation created significant dangers independent of the murder. The asportation allowed yet another opportunity for battery and sexual assault. See *Casiano*, 212 Ill. App. 3d at 688; *Riley*, 219 Ill. App. 3d at 489-90.

We conclude that the kidnapping was not incidental to the murder.

■ Last, Moreland argues that if we vacate one or more of the convictions, we must remand the case for a new sentencing hearing on the murder conviction because we cannot know what part the erroneous convictions played in the trial court's decision to impose the maximum sentence for murder.

The State argues that Moreland waived the issue by not filing a posttrial motion challenging his sentence. *People v. McCleary*, 278 Ill. App. 3d 498, 501, 663 N.E.2d 22 (1996); *People v. Moncrief*, 276 Ill. App. 3d 533, 535, 659 N.E.2d 106 (1995). Moreland is not asking for a review of the length of a sentence he could have challenged in a posttrial motion. He argues that if appellate review results in vacatur, the trial court must be given the opportunity to determine what impact the vacatur may have on the length of the sentences we did not disturb. He cannot waive an issue not available to him until after appellate review.

We have vacated one of four convictions. If one of several convictions is vacated, a new sentencing hearing is not required where nothing in the record shows that the remaining sentences were influenced by the conviction vacated. *People v. Roby*, 202 Ill. App. 3d 143, 147, 559 N.E.2d 840 (1990), citing *People v. Payne*, 98 Ill. 2d 45, 456 N.E.2d 44 (1983). In *Payne* the trial court remarked at sentencing on the need to deter armed home invaders by imposing lengthy sentences. We reversed the home invasion conviction but held that there was no need to remand for a new sentencing hearing because the comments applied equally to the crimes of armed robbery and burglary, which were upheld. *Payne*, 98 Ill. 2d at 57.

Here the court, during the sentencing for the murder, stated:

> "Does this case fall into the extended term? Is it accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty? It sure is. *** He is eligible for extended term. I'm not going to give the defendant extended term, but I want the record to be clear that he is eligible for an extended term."

Moreland has not appealed the act of aggravated criminal sexual

assault in this case, but the jurisdiction of Illinois to try it. The record supports an act of aggravated criminal sexual assault in Indiana. A sentencing judge is not confined to the convictions before him in assessing aggravation at sentencing. 730 ILCS 5/5—5—3.2 (West 1994). Under these circumstances, the uncontested act of aggravated criminal sexual assault was an aggravating element to be considered in imposing sentences for murder, armed robbery and kidnapping, though the act was not subject to prosecution in Illinois. *People v. Gomez*, 247 Ill. App. 3d 68, 74, 617 N.E.2d 320 (1993) (sentencing court may consider evidence of criminal conduct for which no prosecution or conviction ensued, provided that evidence is both relevant and reliable). Under these circumstances, the aggravated criminal sexual assault in Indiana was a proper aggravating factor in the murder sentence.

■ The State asks us to correct the sentencing to have all sentences run consecutively under section 5—8—4 of the Unified Code of Corrections. 730 ILCS 5/5—8—4 (West 1994). The statute reads:

> "When multiple sentences of imprisonment are imposed on a defendant at the same time *** the sentences shall run concurrently or consecutively as determined by the court. *** The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of section 12—13, 12—14, or 12—14.1 [criminal sexual assault or aggravated criminal sexual assault] of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1994).

*People v. Curry*, 178 Ill. 2d 509 (1997), resolved a difference among the districts in the interpretation of this section: *People v. Williams*, 263 Ill. App. 3d 1098, 638 N.E.2d 207 (1st Dist. 1994); *People v. Medrano*, 282 Ill. App. 3d 887, 669 N.E.2d 114 (1st Dist. 1996); *People v. Ivey*, 267 Ill. App. 3d 310, 642 N.E.2d 157 (3d Dist. 1994); and *People v. Childs*, 278 Ill. App. 3d 65 (4th Dist. 1996). The supreme court held that consecutive sentences are mandatory only for those offenses that trigger the application of section 5—8—4(a). *Curry*, 178 Ill. 2d at 538.

The conviction of aggravated kidnapping is a Class 1 felony, but the crime here was a prelude to the murder. Severe bodily harm did not arise from the act of kidnapping. See *Medrano*, 282 Ill. App. 3d at

624

896-97. So it was not mandatory that the aggravated kidnapping conviction be sentenced consecutively.

The sentences for murder, aggravated kidnapping, and armed robbery are affirmed. The conviction for aggravated criminal sexual assault is reversed and the sentence vacated. As part of our judgment, we grant the State's request and assess defendant $150 in costs for defending this appeal under *People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194 (1978), and *People v. Agnew*, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985).

Affirmed in part and reversed in part.

COUSINS, P.J., and GORDON, J., concur.