920 N.E.2d 1060 (2009)
235 Ill.2d 286
The PEOPLE of the State of Illinois, Appellee,
v.
Joel WILLIAMS, Appellant.
No. 107140.
Supreme Court of Illinois.
November 19, 2009.
*1061 Michael J. Pelletier, State Appellate Defender, Gary R. Peterson, Deputy Defender, and Ryan R. Wilson, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.
Lisa Madigan, Attorney General, Springfield, and William A. Yoder, State's Attorney, of Bloomington (Michael A. Scodro, Solicitor General, and Michael M. Glick and Charles Redfern, Assistant Attorneys General, of Chicago, of counsel), for the People.

OPINION
Justice THOMAS delivered the judgment of the court, with opinion.
At issue is whether a State's Attorney may recover a statutory $50 appeal fee (55 *1062 ILCS 5/4-2002(a) (West 2008)) when the defendant is partially successful on appeal.

BACKGROUND
Following a jury trial in the circuit court of McLean County, defendant, Joel Williams, was convicted of aggravated battery (720 ILCS 5/12-4(b)(1) (West 2006)) and domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2006)). The trial court sentenced defendant to concurrent terms of five years' imprisonment plus two years' mandatory supervised release (MSR) for aggravated battery and three years' imprisonment plus one year of MSR for domestic battery.
Defendant appealed, raising four issues. One of defendant's arguments was that the trial court erred in sentencing him to two years' MSR on his aggravated battery conviction. In its response brief, the State confessed error on this point, conceding that, because defendant's aggravated battery conviction was for a Class 3 felony, the MSR term should have been one year (see 730 ILCS 5/5-8-1(d)(3) (West 2008)). As part of its prayer for relief, the State asked that costs be assessed pursuant to section 4-2002(a) of the Counties Code (55 ILCS 5/4-2002(a) (West 2008)).
In his reply brief, defendant noted the State's confession of error on the MSR issue and argued that, if the appellate court accepted the State's confession of error, then it should deny the State's request for costs. Defendant argued that the relevant statute provided that costs for the appeal could not be collected from the defendant "where judgment is in favor of the accused" (55 ILCS 5/4-2002(a) (West 2008)). Defendant relied on a series of cases from the Appellate Court, Second District, holding that the State was not permitted to recover costs from the defendant when the defendant had been partially successful on appeal. See People v. Brownell, 123 Ill.App.3d 307, 78 Ill.Dec. 817, 462 N.E.2d 936 (1984)[1]; People v. Merrero, 121 Ill.App.3d 716, 77 Ill.Dec. 62, 459 N.E.2d 1158 (1984); People v. Smith, 113 Ill.App.3d 917, 68 Ill.Dec. 705, 446 N.E.2d 876 (1983).
The Appellate Court, Fourth District, affirmed as modified and remanded. 384 Ill.App.3d 327, 322 Ill.Dec. 983, 892 N.E.2d 620. The appellate court agreed with the parties that defendant's MSR term for aggravated battery should be one year rather than two years. The court, however, rejected all of defendant's other arguments and otherwise affirmed his convictions and sentences. The court also awarded the State costs pursuant to section 4-2002(a), and rejected defendant's contention that costs could not be awarded if he obtained any relief on appeal. Citing People v. Nicholls, 71 Ill.2d 166, 15 Ill.Dec. 759, 374 N.E.2d 194 (1978), and People v. Smith, 133 Ill.App.3d 613, 88 Ill.Dec. 715, 479 N.E.2d 328 (1985), the court held that the State is entitled to costs if it successfully defends any part of a criminal judgment challenged on appeal. 384 Ill.App.3d at 341-42, 322 Ill.Dec. 983, 892 N.E.2d 620.
We allowed defendant's petition for leave to appeal to resolve a conflict in the appellate court over whether the State may recover costs on appeal when a defendant is partially successful. 210 Ill.2d R. 315.

ANALYSIS
The principal issue is one of statutory construction. Thus, our primary goal is to ascertain and give effect to the drafters' intention, and the most reliable indicator of intent is the language used, *1063 which must be given its plain and ordinary meaning. People v. Davison, 233 Ill.2d 30, 40, 329 Ill.Dec. 347, 906 N.E.2d 545 (2009). In determining the plain meaning of a statute's terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting the statute. People v. Perry, 224 Ill.2d 312, 323, 309 Ill.Dec. 330, 864 N.E.2d 196 (2007). The construction of a statute is a question of law that is reviewed de novo. Davison, 233 Ill.2d at 40, 329 Ill.Dec. 347, 906 N.E.2d 545.
The governing provision is section 4-2002(a) of the Counties Code (55 ILCS 5/4-2002(a) (West 2008)), which sets forth a schedule of fees for State's Attorneys in counties of fewer than 3 million persons. Section 4-2002(a) provides, in relevant part, as follows:
"For each case of appeal taken from his county or from the county to which a change of venue is taken to his county to the Supreme or Appellate Court when prosecuted or defended by him, $50.
* * *
All the foregoing fees shall be taxed as costs to be collected from the defendant, if possible, upon conviction. But in cases of inquiry into the mental illness of any person alleged to be mentally ill, in cases on a charge of paternity and in cases of appeal in the Supreme or Appellate Court, where judgment is in favor of the accused, the fees allowed the State's attorney therein shall be retained out of the fines and forfeitures collected by them in other cases." (Emphasis added.) 55 ILCS 5/4-2002(a) (West 2008).
Defendant first contends that, because he obtained partial relief on appeal, the State must seek its fee from other sources. According to defendant, "where judgment is in favor of the accused" means any situation in which part of the appellate court's judgment is for the defendant. Decisions from the Second District of our appellate court, as well as from the fifth division of the First District, have refused to award the State fees when the defendant is successful on any part of an appeal. See People v. Bonds, 391 Ill.App.3d 182, 202, 330 Ill.Dec. 250, 908 N.E.2d 102 (1st Dist.2009); Merrero, 121 Ill.App.3d at 723-24, 77 Ill.Dec. 62, 459 N.E.2d 1158; Smith, 113 Ill.App.3d at 926, 68 Ill.Dec. 705, 446 N.E.2d 876.[2] By contrast, the State argues that the meaning of the above language is that the State's Attorney must seek its fee from other sources only when the defendant obtains complete relief on appeal, such that he is no longer a convicted defendant following entry of the appellate court's judgment. The State draws support from section 124A-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/124A-5 (West 2008)), which provides in relevant part that "[w]hen a person is convicted of an offense under a statute, or at common law, the court shall enter judgment that the offender pay the costs of the prosecution." (Emphasis added.) The State reads this provision in concert with section 4-2002(a), which provides that the fees set forth in the statute are collected from the defendant upon conviction. Section 4-2002(a) then provides three exceptions to the rule that fees are collected from the defendant: (1) inquiry into mental illness of a person alleged to be mentally ill; (2) paternity cases; and (3) appeals where the judgment is in favor of the accused. 55 ILCS 5/4-2002(a) (West 2008). The State notes that the first two exceptions to the rule that the fees are collected from the defendant are for situations in which there is not a convicted *1064 defendant: inquiry into mental illness and a charge of paternity. Reading these provisions together, the State argues that it is clear that the third exceptionin cases of appeal where the judgment is in favor of the accusedmust refer to a situation in which the accused is no longer a convicted defendant following the appeal. The third division of the First District, as well as the Fourth and Fifth Districts, have routinely awarded costs in cases where the defendant is only partially successful on appeal. See, e.g., People v. Leach, 385 Ill.App.3d 215, 223, 325 Ill.Dec. 649, 898 N.E.2d 696 (4th Dist.2008); People v. Moreland, 292 Ill.App.3d 616, 624, 226 Ill.Dec. 814, 686 N.E.2d 597 (1st Dist.1997); People v. Smith, 133 Ill.App.3d 613, 619-20, 88 Ill. Dec. 715, 479 N.E.2d 328 (5th Dist.1985) (expressly rejecting Second District's position as contrary to Nicholls).
This court has already resolved this issue in favor of the State's position. In Nicholls, the defendant argued that the State's Attorney is not entitled to a fee when a convicted defendant is partially successful on appeal. The governing statutory language was identical to that which we consider today, but at the time was codified as section 8 of "AN ACT concerning fees and salaries * * *" (Ill.Rev.Stat. 1975, ch. 53, par. 8). In response to the defendant's argument, this court held as follows:
"Another issue raised in this appeal is whether the State's Attorney is entitled to his fee when a convicted defendant is partially successful on appeal. Section 8 of `An Act concerning fees and salaries * * *' (Ill.Rev.Stat.1975, ch. 53, par. 8) provides that the State's Attorney shall receive a fee for each conviction and further provides that no fees shall be charged on more than 10 counts in any one indictment or information on trial and conviction. Thus in the trial court the State's Attorney would be entitled to a fee taxed as costs for each count on which a conviction is obtained (see People v. Kawoleski (1923), 310 Ill. 498[, 142 N.E. 169]). However, section 8 also provides that, `[f]or each case of appeal' to the supreme or appellate court when prosecuted or defended by him the State's Attorney shall receive a fee of $50. Section 8 also provides that `where judgment is in favor of the accused' the fees allowed the State's Attorney shall be retained out of the fines and forfeitures collected in other cases. Thus the State's Attorney is entitled to his one fee of $50 regardless of how many counts are included in the one case on appeal. Unless judgment in that case is entered in favor of the accused the appeal fee will be taxed as costs against the defendant even if convictions as to one or more counts but not as to all counts are reversed on appeal." (Emphases added and in original.) Nicholls, 71 Ill.2d at 178, 15 Ill.Dec. 759, 374 N.E.2d 194.
This court's interpretation is now part of the statute. See Ray Schools-Chicago-Inc. v. Cummins, 12 Ill.2d 376, 380, 146 N.E.2d 42 (1957) (explaining that "[w]hen a statute has been judicially construed by the highest court having jurisdiction to pass on it, such a construction is as much a part of the statute as if plainly written into it originally"). In the 31 years since Nicholls was decided, the legislature has not amended the relevant statutory language. Moreover, the legislature's failure to amend the relevant statutory language followed an express invitation from this court to revisit the entire issue of State's Attorney fees. See Nicholls, 71 Ill.2d at 179, 15 Ill.Dec. 759, 374 N.E.2d 194 ("[i]n light of present-day county budgeting and accounting procedures, the provisions of section 8 (Ill.Rev.Stat.1975, ch. 53, par. 8) relating to State's Attorneys' fees may appear to be a relic of another era which might well merit *1065 the attention of the legislature"). Thus, stare decisis concerns are clearly implicated.
"The doctrine of stare decisis `"expresses the policy of the courts to stand by precedents and not to disturb settled points."' [Citation.]" People v. Colon, 225 Ill.2d 125, 145, 310 Ill.Dec. 396, 866 N.E.2d 207 (2007). When a question has been deliberately examined and decided, it should be considered settled and closed to further argument. People v. Hernandez, 231 Ill.2d 134, 144, 324 Ill.Dec. 511, 896 N.E.2d 297 (2008). However, stare decisis is not an "inexorable command." People v. Jones, 207 Ill.2d 122, 134, 278 Ill.Dec. 45, 797 N.E.2d 640 (2003), quoting Payne v. Tennessee, 501 U.S. 808, 828, 111 S.Ct. 2597, 2609-10, 115 L.Ed.2d 720, 737 (1991). As this court explained in Colon:
"If it is clear a court has made a mistake, it will not decline to correct it, even if the mistake has been reasserted and acquiesced in for many years. [Citation.] That said, this court will not depart from precedent merely because it might have decided otherwise if the question were a new one. [Citation.] As we recently reiterated, any departure from stare decisis must be `"specially justified."' [Citation.] Thus, prior decisions should not be overruled absent `good cause' or `compelling reasons.' [Citation.] In general, a settled rule of law that does not contravene a statute or constitutional principle should be followed unless doing so is likely to result in serious detriment prejudicial to public interests. [Citation.] Good cause to depart from stare decisis also exists when governing decisions are unworkable or badly reasoned." Colon, 225 Ill.2d at 146, 310 Ill.Dec. 396, 866 N.E.2d 207.
The present case involves statutory construction, and in this context stare decisis considerations are at their apex. See Neal v. United States, 516 U.S. 284, 295-96, 116 S.Ct. 763, 769, 133 L.Ed.2d 709, 719-20 (1996). In Froud v. Celotex Corp., 98 Ill.2d 324, 336, 74 Ill.Dec. 629, 456 N.E.2d 131 (1983), this court explained that "[c]onsiderations of stare decisis weigh more heavily in the area of statutory construction * * * because such a departure * * * amounts to an amendment of the statute itself rather than simply a change in the thinking of the judiciary with respect to common law concepts which are properly under its control."
Defendant has fallen far short of demonstrating the sort of good cause that would be required to overturn such a longstanding statutory construction. Defendant makes two arguments why this court should no longer follow Nicholls. First, he argues that subsequent decisions of this court have weakened Nicholls' holding. Second, he argues that the Nicholls court did not apply the rule that statutes in derogation of the common law should be strictly construed. Defendant is incorrect on both of these points.
Defendant contends that Nicholls was called into question by People v. Thurman, 104 Ill.2d 326, 332, 84 Ill.Dec. 454, 472 N.E.2d 414 (1984), and People v. Locascio, 106 Ill.2d 529, 537-38, 88 Ill.Dec. 632, 478 N.E.2d 1358 (1985). Defendant argues that in Thurman this court denied the State's request for fees and costs where the defendant was partially successful on appeal. In Thurman, the appellate court did not agree with every one of the defendant's arguments. The appellate court did, however, reverse both of his convictions and remand for a new trial. People v. Thurman, 120 Ill.App.3d 975, 978-82, 76 Ill.Dec. 384, 458 N.E.2d 1038 (1983). When the State appealed to this court, this court upheld the appellate court's decision to reverse and remand for a new trial on *1066 defendant's involuntary manslaughter conviction. The appellate court had also remanded for a new trial on armed violence, but this court held that defendant could not be retried on that charge because armed violence cannot be predicated on involuntary manslaughter. Thurman, 104 Ill.2d at 332, 84 Ill.Dec. 454, 472 N.E.2d 414. The State correctly argues that Thurman supports its position rather than defendant's. A defendant may be assessed costs of prosecution when he is a "convicted" defendant, and a fee was inappropriate in Thurman because the defendant's convictions were reversed and the cause was remanded for a new trial.
Defendant's second example of a case in which this court denied the State's request for fees when a defendant was partially successful is Locascio. Defendant argues that in that case this court found that a request for fees was premature where several issues were remanded to the appellate court for resolution. In that case, the appellate court reversed the defendants' convictions, finding that the defendants had not been proved guilty beyond a reasonable doubt. Locascio, 106 Ill.2d at 531-32, 88 Ill.Dec. 632, 478 N.E.2d 1358. This court granted the State's petition for leave to appeal and reversed. Because the appellate court had reversed on sufficiency of the evidence grounds, it did not address other questions raised by the defendants. Accordingly, this court remanded the cause to the appellate court to resolve the defendants' other issues. Locascio, 106 Ill.2d at 538, 88 Ill.Dec. 632, 478 N.E.2d 1358. This court denied the State's request for fees, finding that it was premature because fees are awarded upon conviction. Locascio, 106 Ill.2d at 537-38, 88 Ill.Dec. 632, 478 N.E.2d 1358. On remand, the appellate court rejected the defendants' other arguments, affirmed the convictions, and granted the State's fee request. People v. Locascio, 137 Ill.App.3d 201, 207, 91 Ill.Dec. 892, 484 N.E.2d 451 (1985). As the State points out, this court's opinion was entirely consistent with Nicholls. The defendants' convictions were no longer in place following the appellate court's reversal. Although this court reversed the appellate court, it remanded the cause to the appellate court for resolution of other issues. Thus, the convictions were still not in place until after the appellate court resolved the remainder of the appeal on remand. Once the convictions were again in place, the appellate court awarded fees. Thus, far from demonstrating that this court weakened its position after Nicholls, Thurman and Locascio show that this court has been entirely consistent.
Defendant's other argument why this court should abandon Nicholls is that Nicholls failed to follow the rule that statutes in derogation of the common law must be strictly construed. See In re W.W., 97 Ill.2d 53, 56-58, 73 Ill.Dec. 347, 454 N.E.2d 207 (1983) (citing rule of strict construction and refusing to award a fee request in a juvenile case because such cases are not criminal and do not result in convictions). However, the very first thing that this court said in analyzing the fee statute in Nicholls was that "the allowance and recovery of costs, being unknown at common law, rests entirely upon the statutory provisions, which must be strictly construed." Nicholls, 71 Ill.2d at 173, 15 Ill.Dec. 759, 374 N.E.2d 194.
Defendant has thus demonstrated no cause why stare decisis should not apply here, let alone good cause. Accordingly, because defendant remained a convicted defendant following the appellate court's resolution of his appeal, the court properly allowed the State's fee request. Those appellate court decisions that denied fee requests in cases in which defendants *1067 were only partially successful are overruled. See Bonds, 391 Ill.App.3d 182, 330 Ill.Dec. 250, 908 N.E.2d 102; Merrero, 121 Ill.App.3d 716, 77 Ill.Dec. 62, 459 N.E.2d 1158; Smith, 113 Ill.App.3d 917, 68 Ill.Dec. 705, 446 N.E.2d 876.
For the first time in this court, defendant raises a second argument why the State should have not been entitled to the fee. Pursuant to section 4-2002(a), a State's Attorney is entitled to a fee when the appeal is "prosecuted or defended by him." In this case, the State's Attorney of McLean County was the first party listed on the State's appellate court brief. However, defendant notes that an attorney for the State's Attorney's Appellate Prosecutor is also listed on the appellate court brief. Defendant contends that the statute does not apply if the appeal was handled by the State's Attorney's Appellate Prosecutor.
This argument is twice forfeited. First, defendant did not raise it in the appellate court. The State requested a fee in its response brief in the appellate court, and defendant argued in his reply brief that the State was not entitled to the fee. The sole argument that defendant made was that, assuming that this court accepted the State's confession of error on the MSR issue, a fee would be inappropriate because defendant would have prevailed on at least one issue. Where the appellant in the appellate court fails to raise an issue in that court, this court will not address it. City of Urbana v. Andrew N.B., 211 Ill.2d 456, 464, 286 Ill.Dec. 75, 813 N.E.2d 132 (2004); Garza v. Navistar International Transportation Corp., 172 Ill.2d 373, 383, 217 Ill.Dec. 260, 666 N.E.2d 1198 (1996). Defendant forfeited the argument a second time when he failed to raise it in his petition for leave to appeal. See People v. Whitfield, 228 Ill.2d 502, 509, 321 Ill.Dec. 233, 888 N.E.2d 1166 (2007). Defendant notes that in In re Rolandis G., 232 Ill.2d 13, 37, 327 Ill.Dec. 479, 902 N.E.2d 600 (2008), this court stated that it would not hesitate to consider issues not raised in petitions for leave to appeal when they are "inextricably intertwined" with other issues being considered. Defendant's arguments, however, are not inextricably intertwined. They are separate bases why he believes the State is not entitled to a fee, and he did not raise one of them below or in his petition for leave to appeal. Accordingly, we will not address this argument.
For all of the above reasons, the judgment of the appellate court is affirmed.
Affirmed.
Chief Justice FITZGERALD and Justices FREEMAN, KILBRIDE, GARMAN, KARMEIER, and BURKE concurred in the judgment and opinion.
NOTES
[1] Defendant erroneously relied on Brownell, which construed different statutory language. We will not discuss Brownell further in this opinion.
[2] This court's decision in Nicholls is not discussed in any of these opinions.