NO. 4-08-0914    Filed: 2-4-10
Modified: 3-23-10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| SHATEZ L. LONG, | ) | No. 08CF1101 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi Ladd, |
| | ) | Judge Presiding. |

_____

MODIFIED UPON DENIAL OF REHEARING

JUSTICE TURNER delivered the opinion of the court:

In June 2008, the State charged defendant, Shatez L. Long, by information with one count of aggravated battery (720 ILCS 5/12-4(b)(18) (West Supp. 2007) (as amended by Pub. Act 95-429, §5, eff. January 1, 2008 (2007 Ill. Legis. Serv. 4880, 4883 (West)))) and one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2008)). Pursuant to a plea agreement, defendant pleaded guilty to aggravated battery. At a November 2008 sentencing hearing, the trial court sentenced defendant to nine years' imprisonment and dismissed the unlawful-possession-of-a-controlled-substance charge. Defendant filed a motion to reconsider his sentence, which the court denied.

Defendant appeals, contending the trial court erred by (1) failing to award him credit under section 110-14(a) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-14(a) (West 2008)) against his drug-court assessment and (2) assessing a $20 fine under section 10(c) of the Violent Crime

Victims Assistance Act (Victims Assistance Act) (725 ILCS 240/10(c) (West 2008)). We affirm as modified and remand with directions.

## I. BACKGROUND

The aggravated-battery charge alleged that, on June 16, 2008, defendant knowingly made contact of an insulting or provoking nature with a police officer, in that defendant struck the officer's body with his fist and knew his victim was a police officer. Defendant and the State entered into a plea agreement, under which defendant would plead guilty to aggravated battery and the State would seek dismissal of the unlawful-possession-of-a-controlled-substance charge. The agreement was open as to sentencing. On September 30, 2008, the trial court held a hearing and accepted the plea agreement.

On November 10, 2008, the trial court held a sentencing hearing. The verbatim transcript of that hearing states the court sentenced defendant to 9 years' imprisonment and gave him credit for 148 days served. The court ordered defendant to submit a specimen to the Illinois State Police as required by statute, if he had not already done so. See 730 ILCS 5/5-4-3 (West 2008). The court also required defendant to "pay all fines, fees, and costs as authorized by statute and a $200 genetic[-]marker[-]grouping[-]analysis fee." The written sentencing judgment did not mention (1) the imposition of any fines or fees or (2) an award of monetary credit for time served. The docket entry for the November 10, 2008, sentencing hearing stated

the court ordered defendant to pay $200 in court costs and a $200 genetic-marker-grouping-analysis fee. The entry also indicated defendant was entitled to a $740 credit toward all fees and fines for his time spent in custody.

Defendant filed a motion to reconsider his sentence, and defense counsel filed a certificate in compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). On December 1, 2008, the trial court denied defendant's motion. Two days later, defendant filed a notice of appeal in compliance with Rules 604(d) and 606 (210 Ill. 2d Rs. 604(d), 606). Thus, this court has jurisdiction under those rules.

On appeal, defendant filed a motion to supplement the record with a computer printout, which this court granted. The printout indicates defendant was required to make the following payments: (1) $5 for document storage, (2) $5 for automation, (3) a $100 circuit-clerk fee, (4) $25 for court security, (5) $10 for arrestee's medical care, (6) a $50 court-finance fee, (7) $30 for the State's Attorney, (8) $20 for a victim's fund (no fine), (9) $200 for a state offender deoxyribonucleic acid (DNA) assessment (hereinafter DNA-analysis assessment), and (10) $5 for a drug-court program.

## II. ANALYSIS

### A. Drug-Court Assessment

Defendant first contends the trial court erred by not granting him credit under section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2008)) against his $5 drug-court

assessment because the assessment constitutes a fine and not a fee. We note the monetary credit provided by section 110-14(a) offsets only fines, not fees. People v. Sulton, 395 Ill. App. 3d 186, 189, 916 N.E.2d 642, 644 (2009). The State concedes defendant is entitled to the credit. "Whether a defendant received proper credit against his fine is a question of law that we review de novo." Sulton, 395 Ill. App. 3d at 189, 916 N.E.2d at 644.

This court recently addressed whether a $10 drug-court assessment imposed upon a defendant by the trial court pursuant to section 5-1101(d-5) of the Counties Code (55 ILCS 5/5-1101(d-5) (West 2006)) was a fine or a fee. Sulton, 395 Ill. App. 3d at 191, 916 N.E.2d at 646-47. Section 5-1101(d-5) permitted "trial courts to impose '[a] $10 fee to be paid by the defendant on a judgment of guilty or a grant of supervision under [s]ection 5-9-1 of the Unified Code of Corrections to be placed in the county general fund and used to finance the county mental[-]health court, the county drug court, or both.'" Sulton, 395 Ill. App. 3d at 191, 916 N.E.2d at 646, quoting 55 ILCS 5/5-1101(d-5) (West 2006). We noted the relevant inquiry was whether the drug-court assessment was "'intended to reimburse the [S]tate for some cost incurred in [the] defendant's prosecution.'" Sulton, 395 Ill. App. 3d at 192, 916 N.E.2d at 647, quoting People v. Jones, 223 Ill. 2d 569, 600, 861 N.E.2d 967, 986 (2006). There, we concluded the assessment was a fine as it was not related to such costs because (1) the record did not indicate

the trial court considered the defendant's eligibility for drug-court programs during defendant's guilty-plea or sentencing hearings and (2) the court sentenced defendant to seven years' imprisonment as opposed to community-based treatment. Sulton, 395 Ill. App. 3d at 193, 916 N.E.2d at 647-48.

In this case, the drug-court assessment appears to have been imposed under section 5-1101(f) of the Counties Code (55 ILCS 5/5-1101(f) (West 2008)). That section allows counties with drug courts to adopt a mandatory fee of up to $5 to be paid by a defendant on a guilty judgment for, inter alia, a felony. 55 ILCS 5/5-1101(f)(2) (West 2008). The assessments collected by the circuit court clerk under that section must be deposited into an account specifically for the drug court's operation and administration, less 5%, which the clerk retains to defray the costs of collection and disbursement of the assessment. 55 ILCS 5/5-1101(f) (West 2008).

At defendant's September 2008 plea hearing, the trial court indicated drug court was not an issue in defendant's case because defendant was not eligible for probation due to a prior conviction. Thus, as in Sulton, the $5 drug-court assessment did not reimburse the State for costs incurred in defendant's prosecution. Accordingly, we conclude defendant's $5 drug-court assessment is a fine for which he should receive a $5-per-day credit under section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2008)).

The record suggests the trial court did not consider

the drug-court assessment a fine, and thus we remand the cause to that court for an amended sentencing judgment reflecting a credit under section 110-14(a) against the $5 drug-court assessment.

## B. Victims Assistance Act

Defendant further argues that, since the drug-court assessment is a fine, the trial court erred by imposing a $20 fine under section 10(c) of the Victims Assistance Act (725 ILCS 240/10(c) (West 2008)), which requires the trial court to impose a certain fine when it has not ordered any other fines.  However, defendant does recognize he is subject to a fine under section 10(b) of the Victims Assistance Act (725 ILCS 240/10(b) (West 2008)), which requires an additional fine of $4 for every $40 of other fines, or fraction thereof, imposed.  He contends his only fine is the $5 drug-court assessment, and thus his proper Victims Assistance Act fine is $4.  The State agrees the Victims Assistance Act fine should be determined under section 10(b) but contends defendant's $200 DNA-analysis assessment required by section 5-4-3(j) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4-3(j) (West 2008)) is also a fine for purposes of calculating the Victims Assistance Act fine.  According to the State, defendant's Victims Assistance Act fine should be $24.  Defendant disagrees the $200 DNA-analysis assessment is a fine.  The issue of whether an assessment is a fine or a fee presents a question of law, and thus we review it de novo.  See People v. Hall, 198 Ill. 2d 173, 177, 760 N.E.2d 971, 973 (2001) (noting the review of a legal question is de novo).

- 6 -

Our supreme court has explained the difference between a "fine" and a "fee" as follows:

> "Broadly speaking, a 'fine' is a part of the punishment for a conviction, whereas a 'fee' or 'cost' seeks to recoup expenses incurred by the State--to 'compensat[e]' the State for some expenditure incurred in prosecuting the defendant."  Jones, 223 Ill. 2d at 582, 861 N.E.2d at 975.

Moreover, the Jones court noted "the label attached by the legislature is not necessarily definitive."  Jones, 223 Ill. 2d at 599, 861 N.E.2d at 985.

Section 5-4-3(a) of the Unified Code (730 ILCS 5/5-4-3(a) (West 2008)) requires anyone convicted of a felony to submit blood, saliva, or tissue specimens to the Illinois State Police.  If a defendant must submit a specimen under section 5-4-3(a), the trial court must impose "an analysis fee" of $200.  730 ILCS 5/5-4-3(j) (West 2008).  Section 5-4-3(k)(1) of the Unified Code (730 ILCS 5/5-4-3(k)(1) (West 2008)) establishes a State Offender DNA Identification System Fund (Fund), "a special fund in the State Treasury."  Section 5-4-3(k)(2) (730 ILCS 5/5-4-3(k)(2) (West 2008)) requires circuit court clerks to deposit the analysis fee (DNA-analysis assessment) into the Fund, less $10 from each collected fee to offset administrative costs in carrying out the section's mandate.  Moreover, section 5-4-3(k)(3) provides the Fund is for the exclusive use of the state's crime laboratories

for costs, such as, but not limited to, those incurred in (1) providing analysis and genetic-marker categorization; (2) maintaining genetic-marker groupings; (3) purchasing and maintaining equipment for use in performing analyses; (4) continuing research and development of new techniques for analysis and genetic-marker categorization; and (5) continuing education, training, and professional development of forensic scientists. 730 ILCS 5/5-4-3(k)(3)(A) through (k)(3)(E) (West 2008).

The State argues the DNA-analysis assessment is a fine because the statute's language indicates the legislature's intent to assess the charge against anyone required by law to submit a specimen, not just those who actually do submit a specimen. The State also notes the funds can be used for maintenance, research, and training, and thus the charge is not intended to cover the cost of analyzing and categorizing submitted samples. Defendant disagrees, contending his prosecution was the impetus for the sample submission that the state police were required to analyze and categorize into genetic-marker groupings. According to defendant, the $200 fee is intended to recoup the costs associated with analyzing and categorizing his DNA and is just another cost of maintaining the criminal-justice system, like document storage and courtroom maintenance.

While the issue of whether the DNA-analysis assessment is a fine or a fee is a matter of first impression, Illinois courts have addressed other issues related to section 5-4-3 of the Unified Code (730 ILCS 5/5-4-3 (West 2008)). In analyzing

- 8 -

the constitutionality of section 5-4-3, the First District found the section's purpose was "to create a database of the genetic identities of recidivist criminal offenders." <u>People v. Burdine</u>, 362 Ill. App. 3d 19, 30, 839 N.E.2d 573, 582 (2005). In addressing the same issue, our supreme court has noted "the main purpose of DNA sampling is to absolve innocents, identify the guilty, deter recidivism by identifying those at a high risk of reoffending, or bring closure to victims." <u>People v. Garvin</u>, 219 Ill. 2d 104, 121-22, 847 N.E.2d 82, 92 (2006). When DNA has been collected from a crime scene, the database established by section 5-4-3 "may be useful in delineating the relevant pool of suspects by either identifying a particular individual or, equally important, excluding a potential suspect from consideration." <u>Garvin</u>, 219 Ill. 2d at 120, 847 N.E.2d at 91.

Moreover, this court has addressed the propriety of a DNA-collection fee imposed in addition to the $200 DNA-analysis assessment mandated by section 5-4-3(j) of the Unified Code (730 ILCS 5/5-4-3(j) (West 2002) (as amended by Pub. Act 92-829, §5, eff. August 22, 2002 (2002 Ill. Legis. Serv. 2775, 2778 (West)))). <u>People v. Hunter</u>, 358 Ill. App. 3d 1085, 1094-97, 831 N.E.2d 1192, 1198-1201 (2005). In rejecting the argument the collection fee was a cost of prosecution under section 124A-5 of the Procedure Code (725 ILCS 5/124A-5 (West 2002)), we noted "the cost of collecting DNA is not a 'cost of prosecution,' as it was incurred only after the prosecution and conviction occurred." <u>Hunter</u>, 358 Ill. App. 3d at 1096, 831 N.E.2d at 1201.

As stated earlier, the relevant inquiry in determining whether an assessment is a "fine" or a "fee" is whether it was "'intended to reimburse the [S]tate for some cost incurred in [the] defendant's prosecution.'" Sulton, 395 Ill. App. 3d at 192, 916 N.E.2d at 647, quoting Jones, 223 Ill. 2d at 600, 861 N.E.2d at 986.  Most of the $200 assessment mandated by section 5-4-3(j) goes to the state crime laboratories.  See 730 ILCS 5/5-4-3(k)(2), (k)(3) (West 2008).  Section 5-4-3(k)(3) (730 ILCS 5/5-4-3(k)(3) (West 2008)) does not limit the state crime laboratories' use of the money.  Moreover, the enumerated possible uses of the money from the DNA-analysis assessment indicate the money is to be used to form, maintain, and improve a DNA database of Illinois criminals.  See 730 ILCS 5/5-4-3(k)(3)(A) through (k)(3)(E) (West 2008).  Thus, contrary to defendant's argument, section 5-4-3(k) contains no language indicating the DNA-analysis assessment is to be used to pay for the analysis of the specimen of the particular defendant required to submit a specimen.  See 730 ILCS 5/5-4-3(k)(3) (West 2008).  Moreover, the record contains no evidence the database created by section 5-4-3 was used in the prosecution of defendant in this case.  See Garvin, 219 Ill. 2d at 121-22, 847 N.E.2d at 92 (listing the purposes of DNA sampling).  Additionally, as with the DNA-collection fee in Hunter, any costs incurred by the State in relation to defendant's DNA specimen were incurred after his prosecution, conviction, and sentence.  Based on the aforementioned reasons, we find the DNA-analysis assessment required by section 5-4-3(j) of the

Unified Code (730 ILCS 5/5-4-3(j) (West 2008)) is not related to defendant's prosecution and thus is a fine.

Since the $200 assessment is a fine, defendant's fines total $205. Thus, under section 10(b) of the Victims Assistance Act, defendant's Victims Assistance Act fine is $24. Accordingly, on remand, the trial court should amend its sentencing judgment to reflect a $24 Victims Assistance Act fine.

In his petition for rehearing, defendant requests for the first time a credit under section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2008)) against his $200 DNA-analysis assessment. The State concedes defendant can raise his request in a petition for rehearing, and we agree. See People v. Caballero, 228 Ill. 2d 79, 88, 885 N.E.2d 1044, 1049 (2008) (holding a statutory claim under section 110-14 "may be raised at any time and at any stage of court proceedings" and an "appellate court may, in the 'interests of an orderly administration of justice,' grant the relief requested"). The State also concedes defendant is entitled to the credit. Section 5-4-3 of the Unified Code (730 ILCS 5/5-4-3 (West 2008)) does not contain a provision expressly disallowing a credit under section 110-14, and thus we agree with the State defendant is entitled to the credit. Thus, on remand, the trial court should also amend the sentencing judgment to reflect a credit under section 110-14(a) against the $200 DNA-analysis assessment.

### III. CONCLUSION

For the reasons stated, we affirm as modified and

remand this cause to the trial court for issuance of an amended sentencing judgment to reflect (1) the application of defendant's monetary credit to the $5 drug-court assessment and the $200 DNA-analysis assessment and (2) the imposition of a $24 fine under the Victims Assistance Act.  As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.  See <u>People v. Williams</u>, 235 Ill. 2d 286, 297, 920 N.E.2d 1060, 1066 (2009) (holding that, "because defendant remained a convicted defendant following the appellate court's resolution of his appeal, the court properly allowed the State's fee request").

Affirmed as modified; cause remanded with directions.

MYERSCOUGH, P.J., and KNECHT, J., concur.