THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS M. GRUBBS, Defendant-Appellant.

Third District    Nos. 3—09—0358, 3—09—0564 cons.

Opinion filed November 8, 2010.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

A jury convicted the defendant, Marcus M. Grubbs, of possession of a controlled substance. The court sentenced him to a 30-month term of probation and imposed "[c]ourt costs [of] $1060." In doing so, the court stated that "the court's fine the costs including the mandated assessment [were] $1,060." The common law record shows that the court also ordered the defendant to provide genetic marker information pursuant to section 5—4—3 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—4—3 (West 2008)) and pay a genetic marker assessment of $200.

The State subsequently filed a petition to revoke the defendant's probation. At the hearing on the State's petition, the court found that the defendant violated his probation and sentenced him to a 90-day jail term and a 30-month term of probation. The sentencing order reflected 58 days of presentence credit. The defendant appealed.

On appeal, the defendant contends that he is entitled to a credit of $290 to be applied to the genetic marker assessment and any other fines imposed by the court.

A defendant who is incarcerated on a bailable offense and who is assessed a fine shall be allowed a credit of $5 for each day he was incarcerated provided by section 110—14(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110—14(a) (West 2008)). The defendant is owed this credit for any time he spent in prison pursuant to a petition to revoke his probation. See *People v. Leggans*, 140 Ill. App. 3d 268, 488 N.E.2d 614 (1986).

The Fourth District of the Appellate Court recently concluded that the $200 genetic marker analysis assessment imposed pursuant to section 5—4—3 is a fine that qualified for the $5-per-day credit. *People v. Long*, 398 Ill. App. 3d 1028, 924 N.E.2d 511 (2010). In so concluding, the *Long* court noted that in order to determine whether an assessment constituted a fine, which is eligible for the $5-per-day credit, or a fee, which is not, a court must consider whether the assessment was

meant to reimburse the State for the costs of prosecuting the defendant. *Long*, 398 Ill. App. 3d 1028, 924 N.E.2d 511. The *Long* court noted, among other things, that any costs incurred in relation to collecting the defendant's DNA for genetic marker analysis were incurred after the defendant's prosecution, conviction and sentence. Therefore, it could not be related to the costs of prosecuting the case against the defendant. As a result, the court found that the assessment was a fine eligible for offset by the $5-per-day credit. *Long*, 398 Ill. App. 3d 1028, 924 N.E.2d 511.

Although this court has not previously considered this issue, we concur in the analysis and conclusion of the Fourth District in the *Long* case (*Long*, 398 Ill. App. 3d 1028, 924 N.E.2d 511). Thus, we grant the defendant a credit of $200 to be applied to the genetic marker assessment imposed pursuant to section 5—4—3 of the Unified Code (730 ILCS 5/5—4—3 (West 2008)).

The record shows that the defendant spent 58 days in presentence incarceration, for a total possible monetary credit of $290. We have already determined that $200 may be credited against the genetic marker assessment. Here, the record is not clear whether the court imposed other fines that would be subject to offset by the provisions of section 110—14 of the Code (725 ILCS 5/110—14 (West 2008)). Therefore, we remand the cause to the trial court to determine whether it imposed any other fines that would be eligible for offset. We note that the maximum remaining credit the defendant may receive against any other fine imposed is $90. See 725 ILCS 5/110—14(a) (West 2008) (the amount of the credit may not exceed the amount of the defendant's fines).

The judgment of the circuit court of Will County is affirmed in part as modified and remanded in part in accordance with Illinois Supreme Court Rule 23(c)(2) (eff. May 30, 2008).

Affirmed as modified and remanded.

HOLDRIDGE, P.J., and O'BRIEN, J., concur.