# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Williams*, 2011 IL App (3d) 100142

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK D. WILLIAMS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0142 |
| Filed | December 1, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although defendant could raise a claim for monetary credit for his presentence incarceration on an appeal from the denial of his postconviction, he could not apply his presentence credit against the $200 DNA analysis fee, since the credit may not be levied against a fee, only a fine. |
| Decision Under Review | Appeal from the Circuit Court of Warren County, No. 06–CF–100; the Hon. David L. Vancil, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Jacqueline L. Bullard, of State Appellate Defender's Office, of Springfield, for appellant.

Albert G. Algren, State's Attorney, of Monmouth (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice Holdridge specially concurred, with opinion.
Justice Wright dissented, with opinion.

**OPINION**

¶ 1        The defendant, Derrick D. Williams, was sentenced to concurrent prison terms of 35 years for attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2006)), 15 years for home invasion (720 ILCS 5/12-11(a)(2) (West 2006)), and 6 years for armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)). The defendant appeals the dismissal of his successive postconviction petition. He argues that the trial court erred when it did not apply his $5-per-day custody credit toward his $200 deoxyribonucleic acid (DNA) analysis. 730 ILCS 5/5-4-3(j) (West 2006). We affirm.

¶ 2        Following the defendant's convictions, he was ordered to pay a $200 DNA analysis fee. The defendant was in custody from July 22, 2006, until he was sentenced on November 9, 2006. After sentencing, the defendant filed a direct appeal. While the defendant's direct appeal was pending, he filed a postconviction petition. The trial court dismissed the defendant's postconviction petition. Thereafter, we issued our order on the defendant's direct appeal. *People v. Williams*, No. 3-06-0838 (2008) (unpublished order under Supreme Court Rule 23).

¶ 3        On November 2, 2009, the defendant filed a successive postconviction petition without leave of the court. The court denied the petition, and the defendant appealed.

¶ 4        On appeal, the defendant argues that the trial court should have applied his $5-per-day credit toward his $200 DNA assessment.

¶ 5        The State argues that we should not grant the defendant's request because he failed to seek leave of the court to file a successive postconviction petition and he does not meet the cause and prejudice requirements. Further, the State urges us to adopt the reasoning in *People v. Tolliver*, 363 Ill. App. 3d 94 (2006), which held that the $200 DNA analysis fee is not a fine and therefore is not compensable by the presentencing credit.

¶ 6        A defendant is allowed $5 for each day he is incarcerated but does not supply bail before

sentencing. 725 ILCS 5/110-14 (West 2006). "[A] claim for *per diem* monetary credit conferred by section 110-14 of the Code of Criminal Procedure of 1963 is a statutory right [citation] and is not cognizable under the Post-Conviction Hearing Act." *People v. Caballero*, 228 Ill. 2d 79, 87 (2008). However, section 110-14 does not specify the time frame or procedural stage during which an application for credit can be made. Granting the credit on the appeal of a postconviction petition is " 'a simple ministerial act that will promote judicial economy by ending any further proceedings over the matter.' " *People v. Woodard*, 175 Ill. 2d 435, 456-57 (1997) (quoting *People v. Scott*, 277 Ill. App. 3d 565, 566 (1996)). Therefore, defendant may raise his claim for monetary credit on the appeal of his postconviction petition because the basis for granting the relief is clear and available from the record. See *Caballero*, 228 Ill. 2d 79.

¶ 7 Next, we look to whether the DNA assessment was a fee or a fine, as the credit may be levied against a fine but not a fee. 725 ILCS 5/110-14 (West 2006). A fine " 'is a part of the punishment for a conviction, whereas a "fee" or "cost" seeks to recoup expenses incurred by the State *** in prosecuting the defendant.' " *People v. Long*, 398 Ill. App. 3d 1028, 1032 (2010) (quoting *People v. Jones*, 223 Ill. 2d 569, 582 (2006)). Our supreme court explained in *People v. Marshall*, 242 Ill. 2d 285, 296 (2011), that the DNA analysis fee "is intended to cover the costs of the DNA analysis." From *Marshall*, the Second District reasoned that the DNA analysis fee is not imposed on a defendant as punishment, but is used to "cover the costs incurred in collecting and testing a DNA sample that is taken from a defendant convicted of a qualifying offense." *People v. Guadarrama*, 2011 IL App (2d) 100072, ¶ 13. We agree with the Second District that the DNA analysis fee is better characterized as a fee and not a fine. Thus, we find that the defendant could not apply his presentencing credit to satisfy his $200 DNA analysis fee.

¶ 8 The judgment of the circuit court of Warren County is affirmed.

¶ 9 Affirmed.

¶ 10 JUSTICE HOLDRIDGE, specially concurring:

¶ 11 I agree with the majority's judgment and analysis. I write separately to further clarify why I believe the $200 DNA analysis assessment required by section 5-4-3(j) of the Unified Code of Corrections (Code) is a fee rather than a fine. 730 ILCS 5/5-4-3(j) (West 2006). First, it is labeled a "fee" in the statute. *Id.* Although the supreme court has ruled that the label used by the legislature is not necessarily controlling (*People v. Graves*, 235 Ill. 2d 244, 250 (2009)), it has noted that the legislature's label is "strong evidence" of whether a particular charge is a fee or a fine. (Internal quotation marks omitted.) *Id.* Thus, where the "actual attributes" of the charge do not suggest that the legislature's label is mistaken, I believe we should assume that the legislature meant what it said. (Internal quotation marks omitted.) See *id.*

¶ 12 Here, nothing about the DNA analysis assessment suggests that it is a fine. As the majority notes, a fine is punitive, whereas a fee is compensatory. See *supra* ¶ 7; see also *Graves*, 235 Ill. 2d at 250. Thus, a charge is a fee if it "seeks to compensate the state for *any*

-3-

*costs incurred as the result of* prosecuting the defendant." (Emphasis added.) *Id.* The DNA analysis charge is a "cost incurred as the result of" the defendant's prosecution and conviction. Every person convicted of certain qualifying offenses is required to submit specimens of blood, saliva, or tissue for DNA analysis. 730 ILCS 5/5-4-3(a)(1) (West 2006). The statute does not require all citizens to submit DNA for analysis. Rather, only those charged with and convicted of qualifying offenses must do so. Thus, the cost of analyzing and cataloguing the defendant's DNA in this case was incurred as a result of this prosecution and conviction. See, *e.g.*, *People v. Anthony*, 408 Ill. App. 3d 799, 809 (2011) (holding that the DNA analysis charge is a fee rather than a fine because it "reimburses the State for the expense of operating a system under which this defendant's DNA profile was required to be processed and analyzed as a result and collateral consequence of this prosecution and conviction").

¶ 13    In *People v. Long*, 398 Ill. App. 3d 1028 (2010), our appellate court held that the DNA analysis assessment is a fine. However, in my view, *Long* is not persuasive. *Long* ruled that the DNA assessment is not a fee because section 5-4-3(k)(3) provides that money from the DNA analysis assessment may be used "to form, maintain, and improve a DNA database of Illinois criminals" and because that section "contains no language indicating the DNA-analysis assessment is to be used to pay for the analysis of the specimen of the particular defendant required to submit a specimen." *Long*, 398 Ill. App. 3d at 1034. However, the fact that the legislature allows the funds collected through the imposition of the DNA analysis fee to be used to finance the entire DNA database (rather than merely to fund the cost of analyzing the defendant's DNA) does not change the compensatory nature of the fee. As noted above, the fee "reimburses the State for the expense of operating a system under which this defendant's DNA profile was required to be processed and analyzed as a result *** of this prosecution and conviction." *Anthony*, 408 Ill. App. 3d at 809. Those expenses were incurred as the result of the defendant's conviction and the convictions of all others who were convicted of qualifying offenses. Moreover, even if the State is overcharging convicted felons for the cost of analyzing their DNA, that fact would not change the nature of the fee.

¶ 14    In any event, as the majority notes, the supreme court's recent decision in *People v. Marshall*, 242 Ill. 2d 285, 296 (2011), has resolved this issue. In *Marshall*, the supreme court stated that the DNA analysis assessment is intended to cover the costs of analyzing a defendant's DNA and held that a trial court may order a defendant to submit a DNA sample and pay the $200 assessment "only where [the] defendant is not currently registered in the DNA database." *Id.* at 296, 303. Although *Marshall* did not explicitly decide whether the DNA assessment is a fine or a fee, the supreme court's reasoning in *Marshall* compels the conclusion that it is a compensatory fee rather than a punitive sanction. Thus, in my view, *Long* is no longer good law. See *People v. Stuckey*, 2011 IL App (1st) 092535, ¶ 36 (declining to follow *Long* in light of *Marshall*).

¶ 15    JUSTICE WRIGHT, dissenting:

¶ 16    In this case, defendant did not request leave of the court to file his successive postconviction petition, despite the fact that a defendant is required to do so. 725 ILCS

5/122-1(f) (West 2008); *People v. LaPointe*, 227 Ill. 2d 39, 42 (2007). Even if the court had granted defendant leave to file this successive postconviction petition, the record reveals that the issues raised in that postconviction petition related to claims of ineffective assistance of counsel and did not challenge the amount of monetary credit defendant received toward court ordered fines, including the DNA analysis fee.

¶ 17    This issue was not included in defendant's successive postconviction petition and was not addressed by the trial court when dismissing that petition. Therefore, this court should not consider whether defendant is entitled to receive monetary credit toward his DNA analysis fee as the issue has been waived. See *People v. Jones*, 213 Ill. 2d 498, 508 (2004). I would affirm the trial court's decision.

¶ 18    For these reasons, I respectfully dissent.